COLEGIO DE ÓPTICOS DE PUERTO RICO y OTROS, demandantes y recurrentes, *v.* VANI VISUAL CENTER y OTROS, demandados y recurridos.

*Número:* RE-88-239          *Resuelto:* 30 de junio de 1989

*Héctor M. Collazo*, abogado de los recurrentes; *Maritza González Ortiz*, abogada de los recurridos.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

El Colegio de Ópticos de Puerto Rico, Inc. recurre ante este Foro y alega que el Tribunal Superior se equivocó al desestimar su petición de *injunction*, porque no cumplían con los requisitos de acción legitimada para acudir al foro judicial para impedir que una empresa practicara ilegalmente la óptica. Su planteamiento es meritorio y revocamos al foro de instancia.

I

El Colegio de Ópticos de Puerto Rico, Inc. y la Asociación de Ópticos y Técnicos de Laboratorios de Ópticos, Inc., en representación de los ópticos licenciados que forman parte de sus respectivas organizaciones, presentaron petición de *injunction* contra la recurrida Vani Visual Center y su administrador y operador, José M. Valentín. Alegaron que dicha empresa se dedicaba al comercio de objetos de óptica sin la licencia requerida por el Art. 10 de la Ley Núm. 152 de 3 de junio de 1976 (20 L.P.R.A. sec. 2760). Se expuso, además, que la práctica de la óptica sin la autorización correspondiente de la Junta de Ópticos constituye un menoscabo del valor de las licencias de aquellas personas autorizadas a practicar la profesión en Puerto Rico.

Presentada la moción de desestimación por los demandados, el tribunal concluyó que el estatuto en cuestión no les reconocía a estas asociaciones un interés legítimo para demandar. De la anterior sentencia recurren los demandantes, alegando que las entidades profesionales afectadas cumplen con los requisitos de legitimación y tienen un interés válido

en interponer esta acción para defender tanto el interés público como el de su agrupación y el de sus miembros.

## II

La capacidad de una parte para realizar con eficacia actos procesales como parte litigante y comparecer como demandante o demandado, o en representación de cualquiera de ellos, se conoce propiamente como "legitimación en causa". Se requiere legitimación activa para ser demandante y pasiva para ser demandado. L. Ribó Durán, *Diccionario de Derecho*, Barcelona, Ed. Bosch, 1987, pág. 364. La persona que pretende ser parte ha de tener una capacidad individualizada y concreta "en la reclamación" procesal. "Para que haya 'acción legitimada' tiene siempre que existir la 'capacidad para demandar' pero no todo el que tiene 'capacidad para demandar' tiene 'acción legitimada' en un pleito específico. En cada pleito además de 'capacidad para demandar', la parte interesada deberá demostrar que tiene un 'interés legítimo[']." R. Serrano Geyls, *Derecho Constitucional de Estados Unidos y Puerto Rico*, San Juan, Ed. C. Abo. P.R., 1986, Vol. I, pág. 132.

Su equivalente en Estados Unidos es la doctrina de *standing*. En ambas jurisdicciones es un instrumento de autolimitación y de prudencia judicial que tiene su génesis en la doctrina de la justiciabilidad de las controversias (véase *E.L.A. v. Aguayo*, 80 D.P.R. 552 (1958)) y ha sido objeto de una amplia discusión jurídica. Sus ingredientes han variado a través de los años reflejando en muchas ocasiones las diversas visiones particulares de la función de los tribunales en nuestro ordenamiento constitucional. Véanse: *Flast v. Cohen*, 392 U.S. 83, 99-100 (1968); *Baker v. Carr*, 369 U.S. 186, 204 (1962); *Allen v. Wright*, 468 U.S. 737, 752 (1984); L.H. Tribe, *American Constitutional Law*, 2da ed., Nueva York, Ed. Foundation Press, 1988, págs. 107–111.

Su función principal es "asegurar al tribunal que el promovente de la acción es uno cuyo interés es de tal índole que, con toda probabilidad, habrá de proseguir su causa de acción vigorosamente y habrá de traer a la atención del tribunal las cuestiones en controversia". *Hernández Agosto v. Romero Barceló*, 112 D.P.R. 407, 413 (1982). Véase *Flast v. Cohen*, supra, págs. 99–100. Corresponde al litigante en cada pleito demostrar que tiene no solamente la capacidad para demandar, sino que, además, tiene un *interés legítimo* en el caso. Este elemento de justiciabilidad difiere de los otros "porque gira primordialmente en torno a la parte que prosigue la acción y sólo secundariamente en cuanto a las cuestiones a adjudicarse". *Com. de la Mujer v. Srio. de Justicia*, 109 D.P.R. 715, 723 (1980).

Durante las últimas décadas los requisitos de acción legitimada han sido interpretados de forma flexible, ocasionando nuevos desarrollos en las áreas de derecho ambiental, protección del consumidor y defensa de los intereses gremiales. Véanse: *Pacheco Fraticelli v. Cintrón Antonsanti*, 122 D.P.R. 229 (1988); *Solís v. Municipio de Caguas*, 120 D.P.R. 53 (1987). Esta nueva visión responde a un reconocimiento de que para cumplir con nuestra responsabilidad constitucional en esta época debemos interpretar liberalmente los requisitos de legitimación activa de aquellos que acuden al foro judicial en auxilio de nuestra jurisdicción. Véase B. Schwartz, *Administrative Law*, 2da ed., Boston, Ed. Little, Brown & Co., 1985, Sec. 8.11, págs. 459–461. De lo contrario, cerramos las puertas de los tribunales a personas y entidades que han sido adversamente afectadas por actuaciones del Estado o de entidades particulares y que presentan reclamaciones que pueden ser debidamente atendidas por el foro judicial. Véanse: *Asociación de Maestros v. Pérez, Gobernador Int.*, 67 D.P.R. 848 (1947); *Cerame-Vivas v.*

*Srio. de Salud,* 99 D.P.R. 45 (1970); *Salas Soler v. Srio. de Agricultura,* 102 D.P.R. 716 (1974).

Los criterios para evaluar el interés de la parte litigante son más rigurosos si se pretende reclamar los derechos constitucionales de terceros. *E.L.A. v. P.R. Tel. Co.,* 114 D.P.R. 394 (1983); *Zachry International v. Tribunal Superior,* 104 D.P.R. 267 (1975). "No obstante, el principio rector es que el tribunal ejercitará su discreción en uno u otro sentido, dependiendo de la trascendencia del derecho afectado y la importancia de los intereses en conflicto." *Zachry International v. Tribunal Superior,* supra, pág. 273.

Si la parte demandante es una asociación, ésta tiene legitimación para incoar una acción judicial por daños sufridos por la agrupación y para vindicar los derechos de la entidad. Cuando una organización esté demandando en defensa de sus intereses colectivos, le corresponde alegar un daño claro y preciso a sus actividades. Por ejemplo, en *Solís v. Municipio de Caguas,* supra, una unión de empleados municipales tenía legitimación activa para instar acción contra un municipio para que se le reconocieran los derechos de la entidad a recibir las cuotas descontadas de sus miembros.

Las agrupaciones también pueden demandar a nombre de sus miembros, aunque la entidad propiamente no haya sufrido daños. Para que estas organizaciones tengan legitimación para reclamar los daños ocasionados a sus miembros, tienen la obligación de alegar que los daños sufridos por uno o más de los socios dan lugar a una causa de acción justiciable que cualquiera de ellos podría incoar en los tribunales. *Warth v. Seldin,* 422 U.S. 490, 511 (1975). Entonces, si la naturaleza de la reclamación y el remedio solicitado no requieren la participación individual de los socios como parte indispensable, y la asociación puede represen-

tarlos adecuadamente, procede que se le reconozca su interés en el pleito y su capacidad para acudir a los tribunales.

En *Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977), el Tribunal Supremo federal adoptó los criterios siguientes para determinar si una organización podía legítimamente representar y reclamar los derechos de sus socios: (1) los miembros deben tener legitimación activa para demandar a nombre propio; (2) los intereses que se pretenden proteger están relacionados con los objetivos de la organización, y (3) la reclamación y el remedio solicitado no requieren la participación individual de los socios en el pleito. Véanse, también: *Automobile Workers v. Brock*, 477 U.S. 274 (1986); *Pennell v. San José*, 485 U.S. 1 (1988); *New York State Club Ass'n v. NYC*, 487 U.S. 1 (1988).

El último de estos factores es particularmente relevante a la controversia de autos. La determinación de la legitimación para incoar el pleito depende de la naturaleza del remedio solicitado. Si la petición es de naturaleza interdictal, una sentencia declaratoria o cualquier otro remedio que beneficiara a todos los miembros realmente perjudicados, procede que se le reconozca su legitimación activa. R.D. Rotunda, J.E. Nowak y J.N. Young, *Treatise on Constitutional Law, Substance and Procedure*, Minnesota, Ed. West Publishing Co., 1986, Vol. 1, Sec. 2.13, pág. 147; Tribe, *op. cit.*, págs. 145–146.

Estos criterios formulados por el Tribunal Supremo federal constituyen una guía valiosa para nuestra jurisdicción en la determinación de si una organización tiene interés legítimo en la controversia para litigar vigorosamente su acción. Evaluada la experiencia en la jurisdicción federal con la aplicación de esta norma, y convencidos de que facilitan la delicada tarea de revisión judicial en nuestro or-

denamiento constitucional, adoptamos estos criterios en Puerto Rico.

## III

No obstante, la determinación de si una parte tiene legitimación activa no es un ejercicio automático. Cuando se cuestiona la legitimación de una parte al contestar la demanda, debemos asumir que las alegaciones son ciertas y evaluar su causa de acción de la manera más favorable para el demandante. *Warth v. Seldin*, supra, pág. 356.

En su petición de *injunction*, el Colegio de Ópticos de Puerto Rico, Inc. y la Asociación de Ópticos y Técnicos de Laboratorios de Ópticos, Inc. exponen que representan a "la clase de ópticos licenciados" (apéndice II, pág. 10) por la Junta de Ópticos, adscrita al Departamento de Estado y reglamentada por la Ley Núm. 152 de 3 de junio de 1976 (20 L.P.R.A. sec. 2751 *et seq.*). También alegan que para sus socios esta licencia tiene un valor económico sustancial y constituye "su fuente de ingreso para su sostenimiento y el de su familia". Apéndice II, pág. 10. Sostienen que los demandados operan un establecimiento comercial que se dedica a la práctica de la óptica sin tener la licencia requerida por la ley. Finalmente, afirman que esta práctica ilegal menoscaba el valor de las licencias que tienen sus socios, causándoles daños irreparables sin que tengan un remedio adecuado en ley para impedir la continuación de este negocio.

De la faz de la petición se desprende que el Colegio de Ópticos de Puerto Rico, Inc. está haciendo valer los derechos y beneficios adquiridos con las licencias expedidas por la Junta de Ópticos, los cuales han sido afectados adversamente por la práctica ilegal de la óptica. Mediante el pleito incoado persiguen poner en vigor los derechos adquiridos por sus miembros al obtener una licencia para practicar la profesión. Estos intereses están relacionados con los del Co-

legio de Ópticos de Puerto Rico, Inc., quien con sus recursos y su peritaje asegurará que tengamos una controversia justiciable. No olvidemos que "la doctrina de legitimación de las asociaciones reconoce que la razón principal para que la gente forme .organizaciones es para crear un instrumento efectivo para vindicar unos intereses que tienen en común". (Traducción nuestra.) *Automobile Workers v. Brock*, supra, pág. 290. Véase, también, *Anti-Fascist Committee v. McGrath*, 341 U.S. 123 (1951). El remedio solicitado (el *injunction*) beneficia a toda la matrícula de los demandantes y no se requiere que ninguno de los socios intervenga individualmente en el pleito para probar la cuantía de los daños sufridos por cada uno.

En estas circunstancias, *los demandados tienen legitimación activa para incoar esta petición de injunction y el asunto debe devolverse al foro de instancia para la continuación de los procedimientos.*

*Procede la revocación de la sentencia del foro de instancia.*

Los Jueces Asociados Señores Negrón García y Ortiz no intervinieron.