ASOCIACIÓN DE MAESTROS DE PUERTO RICO, demandante y apelada, *v.* HONORABLE JOSÉ ARSENIO TORRES Y OTROS, demandados y apelantes; OLGA E. GONZÁLEZ RUIZ Y OTROS, interventores y apelantes.

*Números:* AC-94-326          *Resueltos:* 5 de agosto de 1994
AC-94-371

*Pedro R. Pierluisi, Secretario de Justicia, Pedro A. Delgado Hernández, Procurador General*, abogados de la parte apelante; *Arturo García Solá, Gilberto Marxuach Torrós y Pedro E. Ruiz Meléndez*, abogados de la parte interventora apelante; *Rafael Nadal Arcelay, Jorge Toro Melown y Juan H. Saavedra Castro*, abogados de la parte apelada.

## RESOLUCIÓN

Independientemente de las distintas posiciones que sustentan los integrantes de este Tribunal respecto a si el hecho de que este Foro le haya dado curso al recurso de apelación presentado por la parte demandada apelante tiene, o no, el efecto de paralizar el *injunction* emitido por el tribunal de instancia, por decisión mayoritaria se instruye al Departamento de Educación del Estado Libre Asociado de Puerto Rico para que proceda a desembolsar los fondos necesarios y pertinentes para que los estudiantes, beneficiados con el plan de "vales educativos", hijos de los interventores apelantes, puedan continuar beneficiándose de las disposiciones de la Ley Núm. 71 de 3 de septiembre de 1993 (18 L.P.R.A. sec. 911 *et seq.*).

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García desea expresar que a la luz de los méritos de la presente apelación, procede, en auxilio de nuestra jurisdicción, paralizar el *injunction* decretado por el Tribunal Superior, Sala de San Juan. La Juez Asociada Señora Naveira de Rodón, por las razones expuestas en su Voto Explicativo, está conforme con el resultado; a éste se unió el Juez Presidente Señor Andréu García. Los Jueces Asociados Señores Hernández Denton, Alonso Alonso y Fuster Berlingeri disintieron sin

opinión escrita, pues entienden que el *injunction* dictado en instancia debe continuar en vigor.

(*Fdo.*) Francisco R. Agrait Lladó

*Secretario General*

— O —

Voto explicativo emitido por la Juez Asociada Señora Naveira de Rodón, al cual se une el Juez Presidente Señor Andréu García.

Nos toca decidir si los efectos de un *injunction* mediante el cual se ordenó la no implantación de un estatuto debido a que el mismo fue declarado inconstitucional por el foro de instancia quedan paralizados una vez este Tribunal le da curso a la apelación.

I

El 3 de septiembre de 1993 se aprobó la Ley Núm. 71 de 3 de septiembre de 1993 (18 L.P.R.A. sec. 911 *et seq.*) para "establecer un Programa de Becas Especiales y Libre Selección a Escuelas". Esta pieza legislativa permitía a los padres de niños y jóvenes de edad escolar a matricular a sus hijos en las escuelas públicas o privadas de su preferencia mediante un sistema de vales educativos o becas privadas.

A raíz de la aprobación de la referida ley, la Asociación de Maestros de Puerto Rico presentó una demanda sobre sentencia declaratoria alegando, en esencia, que la Ley Núm. 71, *supra*, violaba la Primera Enmienda de la Constitución de Estados Unidos, L.P.R.A., Tomo 1, y las Secs. 3 y 5 del Art. II, y la Sec. 9 del Art. VI de la Constitución del Estado Libre Asociado, L.P.R.A., Tomo 1. Presentada la acción, un grupo de padres cuyos hijos eran beneficiarios del

programa solicitaron intervenir como demandados. El tribunal a quo accedió a su solicitud.

Finalmente, y luego de celebrar vista oral, el tribunal de instancia dictó sentencia en la cual declaró inconstitucional parte de la ley y ordenó al Departamento de Educación (el Departamento) a abstenerse de implantar la modalidad de ayuda económica mediante becas especiales para dar acceso a escuelas privadas a estudiantes de escuelas públicas.

Inconforme con dicha sentencia, el Departamento presentó un escrito de apelación ante nos para solicitar la revocación de la determinación del foro de instancia. Acogimos la apelación presentada y el 31 de mayo celebramos vista oral. Posteriormente, los padres interventores demandados presentaron la moción en auxilio de jurisdicción para solicitar la paralización de los efectos del *injunction* que hoy se encuentra ante nuestra consideración. Atendiendo esta solicitud, procede que aclaremos cuál es la norma procesal en cuanto a los efectos que surte la presentación y acogida de un escrito de apelación sobre la efectividad de un *injunction* emitido por el foro de instancia cuando éste ha declarado inconstitucional una ley y ha prohibido su implantación.

II

Con anterioridad a la aprobación de las Reglas de Procedimiento Civil de 1979, la ejecución de un *injunction* del cual se hubiese recurrido mediante escrito de apelación dependía de si el mismo era de naturaleza mandatoria o prohibitoria. En *Municipio v. Corte*, 60 D.P.R. 171 (1942), hicimos la distinción entre ambos tipos de *injunction* y adoptamos la doctrina de que la apelación suspende la ejecución de un *injunction* mandatorio, mientras que el *injunction* prohibitorio se consideraba ejecutable desde su notificación.

En *Peña v. Federación de Esgrima de P.R.*, 108 D.P.R. 147 (1978), revocamos dicha norma. Allí indicamos que por razón del carácter perentorio y la naturaleza sumaria del recurso extraordinario de *injunction*, la distinción establecida entre ambos "menoscababa su capacidad de remedio". *Peña v. Federación de Esgrima de P.R.*, supra, pág. 154. Por lo tanto, resolvimos que la efectividad del *injunction* no debe paralizarse por la presentación de una apelación; esto, sin menoscabo de la facultad discrecional del tribunal apelativo o de instancia para emitir una orden de paralización. A esos efectos enumeramos cuatro (4) requisitos para la expedición de dicha orden de paralización:

(a) que el peticionario presente un caso fuerte de probabilidad de prevalecer en los méritos de la apelación; (b) que demuestre que a menos que se detenga la ejecución sufrirá daño irreparable; (c) que ningún daño substancial se causará a las demás partes interesadas, y (d) que la suspensión de la sentencia no perjudica el interés público. *Peña v. Federación de Esgrima de P.R.*, supra, pág. 154.

En 1979, con la aprobación de las Reglas de Procedimiento Civil vigentes, se incluyó una disposición que contiene la norma establecida por *Peña v. Federación de Esgrima de P.R.*, supra, y lo dispuesto en la Regla 62(c) y (g) de Procedimiento Civil federal, 28 U.S.C. La Regla 57.6 de Procedimiento Civil, 32 L.P.R.A. Ap. III, quedó plasmada de la manera siguiente:

57.6. "Injunction" pendiente la apelación, revisión o "certiorari"

(a) Cuando se apele o recurra de una sentencia final o interlocutoria, concediendo, dejando sin efecto o denegando un *injunction*, el tribunal de instancia podrá discrecionalmente suspender, modificar, restituir o conceder un *injunction* mientras se dilucida el recurso interpuesto bajo aquellos términos relativos a fianza y demás que estime adecuados para proteger los derechos de la parte contraria.

(b) Lo dispuesto en esta regla no restringe la facultad del tribunal de apelación o de uno de sus jueces para paralizar los procedimientos mientras se dilucida el recurso interpuesto o

para suspender, modificar, restituir o conceder un *injunction* mientras esté pendiente la apelación, revisión o *certiorari*, o para dictar cualquier orden adecuada para preservar el status quo o la efectividad de la sentencia que habrá de emitirse en su día.

El efecto práctico de la citada disposición es que, como excepción a lo dispuesto por la Regla 57 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la efectividad de un *injunction* no se verá paralizada por la presentación de un escrito de apelación o revisión. La Regla 57.6 de Procedimiento Civil, *supra*, "codific[a] el poder inherente de los tribunales para dictar cuanta orden sea necesaria para mantener el status quo y asegurar la efectividad de la sentencia que finalmente recaiga". (Escolio omitido y énfasis suprimido.) *Peña v. Federación de Esgrima de P.R.*, supra, págs. 153–154.

La contraparte federal a nuestra Regla 57.6 de Procedimiento Civil, *supra*, lo es la Regla 62(c) y (g) de Procedimiento Civil federal, *supra*. La Regla 62 de Procedimiento Civil federal, 28 U.S.C., establece que el hecho de que se presente un escrito apelando un *injunction* no resulta en la paralización automática del mismo. Regla 62(a) de Procedimiento Civil federal, *supra*. La regla además reconoce la facultad del tribunal de suspender o modificar la sentencia. Regla 62(c) y (g) de Procedimiento Civil, *supra*. La decisión de paralizar el efecto de las mismas recae en la discreción del tribunal, que debe estar guiada por los cuatro (4) criterios mencionados anteriormente. 11 *Wright and Miller, Federal Practice and Procedure: Civil 2d* Sec. 2904, págs. 314–317 (1973).

Según el análisis expuesto, surge con meridiana claridad que, como regla general, la presentación de una apelación, revisión o *certiorari*, no interrumpe la efectividad de un *injunction* si no se ha solicitado y obtenido una orden del foro de instancia o del tribunal de apelación de paralización según lo dispuesto en la Regla 57.6 de Procedimiento Civil, *supra*.

## III

Expuesta la norma general para los casos en que se apela o recurre de un *injunction*, analizaremos la situación específica cuando se apele de un *injunction* que declara inconstitucional un estatuto y prohíbe su implantación.

En estos casos hay que tomar en consideración el Art. 678 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3524, que dispone que:

> No podrá otorgarse un *injunction* ni una orden de entredicho:
>
> . . . . . . . . .
>
> (3) Para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico, de un funcionario público, de una corporación pública, o de una agencia pública, o de cualquier empleado o funcionario de dicha corporación o agencia, a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable que dicha ley o actuación autorizada por ley es inconstitucional o inválida.
>
> Cualquier *injunction* preliminar, permanente, o con carácter de entredicho, incluso cualquier orden para hacer efectiva la jurisdicción de un tribunal o para asegurar la efectividad de una sentencia, que se haya expedido en las circunstancias expuestas en este inciso (3) y que esté en vigor a la fecha de vigencia de esta ley o que en lo sucesivo se expidiere, será nulo e inefectivo.

El citado Art. 678 de Enjuiciamiento Civil, conocido como la Ley Anti-injunction, fue creado para mantener la uniformidad y organización del proceso de gobierno, impidiendo la diversidad de opiniones entre los distintos jueces sobre la constitucionalidad de las leyes. Exposición de Motivos de la Ley Núm. 1 de 25 de febrero de 1946, Leyes de Puerto Rico 3. El precepto angular de dicho estatuto es la presunción de constitucionalidad de las leyes, hasta tanto sean declaradas nulas por sentencia final, firme, inapelable e irrevisable. *Cerame-Vivas v. Srio. de Salud*, 99 D.P.R. 45 (1970); *Esso Standard Oil v. A.P.P.R.*, 95 D.P.R. 772 (1968).

Este precepto está avalado por el Art. V, Sec. 4 de la Constitución del Estado Libre Asociado, L.P.R.A., Tomo 1, ed. 1982, pág. 356, el cual dispone, en lo pertinente, que "[n]inguna ley se declarará inconstitucional a no ser por una mayoría del número total de los jueces de que esté compuesto el tribunal de acuerdo con esta Constitución o con la ley". Por esta razón, cuando se presenta una apelación en la cual se solicita se revise un *injunction* que declaró inconstitucional un estatuto, la efectividad del mismo queda paralizada en el momento en que este Foro le da curso a la apelación. La sentencia decretando la inconstitucionalidad y el *injunction no es final, firme, inapelable e irrevisable*, hasta tanto así no lo determine la mayoría de este Tribunal. Esto no impide, claro está, que el Tribunal pueda, en auxilio de su jurisdicción, motu proprio o a petición de parte, emitir las órdenes que estime pertinente, incluyendo el dejar en vigor el *injunction* hasta que se dilucide el caso.

A la luz de lo expuesto, la norma aplicable en cuanto a los efectos de un *injunction* que *declaró inconstitucional una ley*, es que éstos quedan paralizados cuando este Tribunal acoge y le da curso al recurso de apelación presentado.

En el caso de autos, habiendo este Tribunal acogido el recurso de apelación, entendemos que la situación procesal actual es que la sentencia dictada por el foro de instancia está paralizada, por lo que denegaríamos, por innecesaria, la moción presentada por los padres interventores demandados.