CC-1998-367                                    -  1  -

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Colegio de Peritos Electricistas de Puerto Rico<br>Peticionario<br><br>v.<br><br>Autoridad de Energía Eléctrica<br>Recurrida | Certiorari<br><br>2000 TSPR 28 |
| --- | --- |

Número del Caso: CC-1998-0367

Fecha: 22/02/2000

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. González Román

Abogados de la Parte Peticionaria: Luis Amauri Suárez Zayas

Abogados de la Parte Recurrida: Lcdo. Eddie Cuevas Silvagnoli

Departamento de Justicia: Lcda. Minnie E. Rodríguez López

Materia: Sentencia Declaratoria

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Colegio de Peritos Electricistas
de Puerto Rico

          Peticionario

          v.                        CC-1998-367        Certiorari

Autoridad de Energía Eléctrica

          Recurrida


Opinión del Tribunal emitida por el Juez Asociado señor Federico Hernández Denton


San Juan, Puerto Rico, a 22 de febrero de 2000.


En el presente caso procede determinar si el Colegio de Peritos Electricistas de Puerto Rico posee legitimación activa para impugnar cierto Reglamento aprobado por la Autoridad de Energía Eléctrica. Por entender que efectivamente la posee, revocamos.

**I.**

El Colegio de Peritos Electricistas de Puerto Rico (en adelante, el Colegio) presentó una petición de injunction y sentencia declaratoria contra la Autoridad de Energía Eléctrica (en

adelante, A.E.E.) y la Secretaria del Departamento de Estado. En la misma solicitó que se declarara nulo cierto Reglamento[1] aprobado por la A.E.E., por entender que éste violaba el Art. 23 de la Ley Orgánica de la Junta Examinadora de Peritos Electricistas, Ley Núm. 115 del 2 de junio de 1976, según enmendada, 20 L.P.R.A. sec. 2722, (en adelante, Ley Núm. 115).

El Art. 23 de la Ley Núm. 115 requiere que toda compañía de servicio apruebe y suministre servicio de energía eléctrica únicamente a instalaciones eléctricas que hayan sido realizadas o supervisadas por un ingeniero electricista o por un perito electricista colegiado.

El Colegio alegó que el Reglamento en cuestión viola el referido Artículo en tanto autoriza a cualquier ingeniero colegiado a certificar instalaciones eléctricas. Por tal razón, solicitó que se decretara la nulidad del Reglamento en todas aquellas disposiciones que permitan la certificación de instalaciones eléctricas por ingenieros colegiados que no sean ingenieros eléctricos. A tal contención se opuso la A.E.E., presentando así una moción de desestimación. En la misma sostuvo que el Colegio carecía de legitimación activa para instar la presente acción.

El Tribunal de Primera Instancia, al igual que el Tribunal de Circuito de Apelaciones, concluyeron que procedía desestimar la demanda por carecer el Colegio de

---

[1] Reglamento Núm. 5360 para la Certificación de Instalaciones

legitimación activa para instar, a nombre propio o en representación de sus miembros, el pleito de epígrafe.

Inconforme con tales dictámenes, el Colegio recurrió ante nos alegando que erró el foro apelativo al concluir que carecía de legitimación activa, pues, según sostiene, la misma surge por virtud de dos fuentes: por vía legislativa[2] y por los criterios jurídicos esbozados por la jurisprudencia.

Luego de acoger el recurso de certiorari presentado y examinar las comparecencias de las partes, procedemos a resolver.

## II.

Reiteradamente hemos sostenido que una parte demandante posee legitimación activa si cumple con los siguientes requisitos: 1) que ha sufrido un daño claro y palpable; 2) que el referido daño es uno real, inmediato y preciso y no uno abstracto o hipotético; 3) que existe conexión entre el daño sufrido y la causa de acción ejercitada; y 4) que la causa de acción surge bajo el palio de la Constitución o de una ley. Véase, Hernández Torres v. Hernández Colon, 129 D.P.R. 824, 835 (1992); Asociación de Maestros v. Torres res. el 30 de noviembre de 1994, 136 D.P.R.___ (1994).

En los casos de asociaciones hemos reconocido que las mismas pueden demandar a nombre propio o a nombre de sus miembros o integrantes, Asociación de Maestros v. Torres,

---

Eléctricas.
[2] Debido al curso decisorio al que llegamos no es necesario atender este planteamiento.

*supra*. Cuando una asociación demanda a nombre propio basta que ésta cumpla con los requisitos antes mencionados.

Si la asociación demanda a nombre de sus integrantes, ésta tendrá legitimación activa para demandar siempre que pueda demostrar que: (1) los miembros de la organización tendrían legitimación activa para demandar a nombre propio; (2) los intereses que se pretenden proteger están relacionados con los objetivos de la organización; y (3) la reclamación y el remedio solicitado no requieren la participación individual de los miembros en el pleito. Colegio de Ópticos, 124 D.P.R. 559, 566 (1989); Asociación de Maestros v. José Arsenio Torres, *supra.*

Cuando se cuestiona la legitimación de una parte al contestar la demanda, debemos asumir que las alegaciones son ciertas y evaluar su causa de acción de la manera más favorable para el demandante. Colegio de Ópticos, *supra* a la pág. 567.

Tomando en cuenta los pronunciamientos esbozados, nos corresponde examinar si el Colegio posee legitimación activa para impugnar el Reglamento en cuestión.

**III.**

El Colegio sostiene que la aprobación del referido Reglamento les ha causado un daño económico adverso. Así, afirma que el Reglamento impugnado aumenta significativamente el número de profesionales de la

ingeniería que estarían autorizados a certificar trabajos eléctricos. Esto, según aduce, tiene un impacto económico adverso en sus finanzas y en las de sus miembros. Se indica que, como consecuencia de lo anterior, los peritos electricistas dejan de devengar ingresos personales, al haberse facultado a cualquier ingeniero para realizar la certificación de una instalación eléctrica. Además, el Colegio señala que la propia entidad deja de recibir ingresos por concepto de un sello que viene obligado a cancelar cada perito electricista que hace una certificación.[3]

En síntesis, la situación ante nos requiere dilucidar si la actuación de una agencia gubernamental, que mediante reglamentación abre un mercado de bienes o servicios a nuevos competidores, constituye un daño suficiente para satisfacer los criterios establecidos por nuestra jurisprudencia para conferir legitimación activa a un reclamante.

Este asunto no había sido abordado directamente por este Tribunal hasta Colegio de Ópticos, supra.[4] En aquella ocasión resolvimos que dos asociaciones profesionales incorporadas poseían la legitimación necesaria, en defensa de sus propios intereses y en representación de los de sus

_____

3 El Art. 5 de la Ley Núm. 131, obliga a todo perito electricista a cancelar un sello de cinco dólares ($5.00) para toda certificación radicada en cualquiera de las oficinas de la A.E.E.
4 José Julián Alvarez González, Derecho Constitucional, en Análisis Crítico del Término 1988-1989 del Tribunal Supremo

miembros, para solicitar un injunction contra aquellos que practicaban esa profesión sin la licencia requerida por ley.[5] En aquella ocasión afirmamos que el Colegio de Ópticos estaba haciendo valer los derechos y beneficios adquiridos con las licencias expedidas por la Junta de Ópticos, los cuales habían sido afectados adversamente por la práctica ilegal de la óptica. Colegio de Ópticos, supra a las págs. 567-568.

Aunque en materia de justiciabilidad, los pronunciamientos de la jurisdicción federal no son vinculantes[6], conviene acudir a ella de manera ilustrativa.

La legitimación de un competidor para cuestionar la legalidad de las actuaciones de otro, cuando ello repercute en los intereses del primero, ha sido bien establecida en la jurisdicción federal.[7] A tales efectos, el profesor Tribe[8] indica:

> En *Association of Data Processing Service Organizations v. Camp*, el Tribunal Supremo [de Estados Unidos] determinó que la expectativa de competencia con los bancos nacionales reglamentados era los suficientemente adversa a los intereses económicos actuales de los procesadores de datos como para generar el interés personal necesario para que estos impugnaran la

---

de Puerto Rico, 59 Rev. Jur. U.P.R. 241, 266 (1990) nota al calce 97.

[5] Según sintetizado por José Julián Alvarez González, *Id.*

[6] Véase, Laurence Tribe, American Constitutional Law, Second Edition, Foundation Press, págs. 112-113 y Luis M. Villaronga, Derecho Constitucional, 62 Rev. Jur. U.P.R. 683, 684 (1993).

[7] José Julián Alvarez González, *supra* a la pág. 266, nota al calce 97.

[8] Laurence Tribe, *supra* a las págs. 115 y 145, respectivamente.

validez de las decisiones de la agencia que permitían que los bancos incursionaran en ese campo. [Escolios omitidos] [...]
[U]na organización tiene legitimación activa para demandar en su propio nombre si los actos del demandado le infligen un perjuicio económico y agotan con ello sus recursos. [Escolios omitidos]

De igual forma, Davis & Pierce, Administrative Law Treatise, 3ra ed; Boston, Little Brown, 1994, Vol. III sec. 16.4, indican:

Por lo general, el Tribunal [Supremo de Estados Unidos] reconoce que el daño económico probable, causado por los actos de las agencias que alteran las condiciones de competitividad, es suficiente para cumplir con el requisito de [daño real] [...] Es lógico concluir que cualquier otro peticionario que probablemente sufra perjuicio económico debido a los actos de una agencia que alteran las condiciones del mercado, cumple con el requisito de [daño real][.]

En esta materia los tribunales federales, en ocasiones, han tendido a elaborar una distinción entre aquellas impugnaciones que se refieren a competencia alegadamente ilegal de aquellas que no lo son, confiriendo legitimación sólo en la primera situación. El profesor Kenneth E. Scott, Standing in the Supreme Court- A Functional Analysis, 86 Harv. L. Rev. 645, 653 (1973), indica que la razón para que los tribunales federales no suelan conferir legitimación activa cuando la competencia que se impugna es legal se encuentra en la propia naturaleza económica del sistema norteamericano. Así, señala[9]: "[E]n una economía basada en las operaciones de mercados competitivos, [...] el perjuicio sufrido por [un] demandante debido meramente al aumento en

la competencia [...] puede verse, hasta cierto punto, como un proceso normal y familiar." Sin embargo, advierte[10], existen ocasiones donde ha habido que apartarse de la libre competencia para restringir, de esta forma, los males de la competencia excesiva. En tales ocasiones, opina el profesor Scott,[11] existe quizás mayor apoyo para encontrar legitimación activa basándose en la intención legislativa de beneficiar a un grupo limitado.

Sobre estos aspectos, en Hardin v. Kentucky Utilities Co., 390 U.S. 1, 5-6 (1968), el Tribunal Supremo de Estados Unidos señaló:

> En repetidas ocasiones, este Tribunal ha [...] resuelto que el perjuicio económico causado por la competencia legal no puede, ni en sí mismo ni por sí mismo, conferir legitimación al negocio perjudicado para cuestionar la legalidad de ningún aspecto de las operaciones de su competidor. [...] En cambio, la regla ha sido [...] que cuando la disposición estatutaria invocada sí refleja un propósito legislativo de proteger un interés competitivo, el competidor perjudicado tiene legitimación para requerir que se cumpla con esa disposición.

De igual forma, en Associated Gas Distributors v. F.E.R.C., 899 F.2d 1250, 1258 (1990), el Tribunal del Circuito de Apelaciones Federal del Distrito de Columbia, afirmó: "Quienes tienen que competir con transacciones comerciales alegadamente ilegales tienen la legitimación que le confiere el Artículo III para impugnar una orden reguladora que autorice las transacciones."

---

9 Kenneth E. Scott, supra a la pág.653.
10 Id.

Ciertamente, en casos como el de autos, donde la competencia es alegadamente ilegal, existe legitimación activa. Esto pues, si existe una disposición legal que específicamente establece una protección a un grupo particular de personas, regulando así el mercado, dicho grupo tendrá legitimación activa para impugnar la alegada violación de la protección legal otorgada.[12]

**IV.**

En la situación ante nos el Colegio recurre a los tribunales, precisamente para salvaguardar sus propios intereses y los de sus miembros, mediante la impugnación de un Reglamento que, según sostiene, autoriza que otros profesionales realicen certificaciones. Asumiendo que sus alegaciones son ciertas, habrá un menoscabo al valor de las licencias de sus miembros. Evidentemente el Art. 23 de la Ley Núm. 115, *supra*, limita quienes podrán certificar las instalaciones eléctricas, al establecer que toda compañía de servicio aprobará y suministrará servicio de energía eléctrica <u>únicamente</u> a instalaciones eléctricas que hayan sido realizadas o supervisadas por un <u>ingeniero electricista</u> o por un <u>perito electricista colegiado</u>. Si el reglamento impugnado tiene el efecto de ampliar esta disposición, en contra de la propia legislación, se producirá un daño

---

11 *Id.*
12 Debido a que las alegaciones en este caso se circunscriben a una supuesta competencia ilegal, no es necesario que resolvamos si en nuestra jurisdicción debe

suficiente para conferir legitimación activa al Colegio. En el caso de autos la propia Ley Núm. 115 establece un interés susceptible de protegerse, al limitar, de cierta forma, quienes harán las referidas certificaciones.

Por lo tanto, el Colegio posee legitimación activa para acudir ante un tribunal de justicia de suerte que pueda pasarse juicio sobre la validez del Reglamento impugnado. Esto pues, cumple a cabalidad con los criterios de legitimación esbozados para las asociaciones. Así, (1) sus miembros tienen legitimación activa para demandar a nombre propio, pues se les causaría un daño económico adverso; (2) los intereses que el Colegio pretende proteger están relacionados con sus objetivos; y (3) la reclamación y el remedio solicitado no requieren la participación individual de los miembros en el pleito. Colegio de Ópticos, *supra*; Asociación de Maestros v. José Arsenio Torres, *supra.*

Precisamente, el Colegio se encuentra capacitado y legitimado para impugnar el referido Reglamento en beneficio de sus miembros. La doctrina de legitimación de las asociaciones reconoce que la razón principal para que las personas formen organizaciones es para crear un instrumento efectivo para vindicar unos intereses que tienen en común, Colegio de Ópticos, *supra* a la pág. 568. Ciertamente el Colegio está haciendo valer los derechos de sus miembros. Mediante el pleito incoado persigue poner en vigor los

---

adoptarse íntegramente la distinción establecida en la

derechos adquiridos por sus miembros al obtener una licencia para practicar la profesión. Estos intereses están relacionados con los del Colegio. Igualmente, el remedio solicitado beneficia a todos los miembros sin que se requiera la intervención individual de alguno de ellos para probar la cuantía de los daños sufridos por cada uno. Véase, Colegio de Ópticos, *supra* a la pág. 568.

Claro está, en estos momentos no estamos pasando juicio sobre la validez del Reglamento en cuestión, pues precisamente esto se dilucidará en el pleito correspondiente. Es en dicho momento que se determinará si, en efecto, el reglamento impugnado viola el Art. 23 de la Ley Núm. 115. Como se conoce, en la etapa actual no se atienden los méritos del recurso sino que se asume que las alegaciones del demandante son ciertas y se evalúa su causa de acción de la manera más favorable. Colegio de Ópticos, *supra* a la pág. 567.

Por los fundamentos que preceden, revocamos el dictamen del foro apelativo y devolvemos el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme lo aquí resuelto.

Se dictará la Sentencia correspondiente.


FEDERICO HERNÁNDEZ DENTON
Juez Asociado

---

jurisdicción federal.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Colegio de Peritos Electricistas
de Puerto Rico

       Peticionario

         v.               CC-1998-367     Certiorari

Autoridad de Energía Eléctrica

       Recurrida


SENTENCIA


San Juan, Puerto Rico, a 22 de febrero de 2000.


       Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia del Tribunal de Circuito de Apelaciones. Se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme lo aquí resuelto.

       Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón emitió Opinión Disidente.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Colegio de Peritos Electricistas
de Puerto Rico

 Peticionario

        CC-98-367

  v.

Autoridad de Energía Eléctrica

 Recurrida

Opinión Disidente emitida por la Juez Asociada señora Naveira de Rodón

San Juan, Puerto Rico a 22 de febrero de 2000

Por considerar que el Colegio de Peritos Electricistas de Puerto Rico, carece de legitimación activa para acudir ante un tribunal a impugnar la validez del Reglamento para la Certificación de Instalaciones Eléctrica, Reglamento Núm. 5360, nos vemos impedidos a suscribir la Opinión Mayoritaria.

A continuación exponemos los hechos que dieron lugar al asunto que nos ocupa.

I

El 10 de enero de 1996, la Autoridad de Energía Eléctrica de Puerto Rico (en adelante, A.E.E.) presentó ante el Departamento de Estado un

Reglamento para la Certificación de Instalaciones Eléctricas, Reglamento Núm. 5360 (en adelante, Reglamento). Este sustituyó y dejó sin efecto el Reglamento Núm. 2954 aprobado el 7 de febrero de 1983.

El 3 de diciembre de 1996, el Colegio de Peritos Electricistas de Puerto Rico (en adelante, Colegio) presentó una petición de injunction y de sentencia declaratoria contra la A.E.E. y la Secretaria de Estado. Alegó que el nuevo Reglamento, a diferencia de su antecesor, autoriza a cualquier ingeniero colegiado a certificar instalaciones eléctricas, lo cual constituye una violación a las disposiciones de la Ley Orgánica de la Junta Examinadora de Peritos Electricistas, Ley Núm. 115 de 2 de junio de 1976, según enmendada, 20 L.P.R.A. sec. 2701 y ss (en adelante, Ley Núm. 115). La Ley Núm. 115, supra, le impone a todas las compañías de servicio público o privado la obligación de suministrar el servicio de energía eléctrica exclusivamente a instalaciones eléctricas que hayan sido realizadas o certificadas por ingenieros electricistas colegiados o peritos electricistas colegiados.[13] En virtud de lo anterior, el Colegio solicitó que se decretara la nulidad de todas aquellas disposiciones reglamentarias que permiten que la referida certificación sea hecha por ingenieros licenciados colegiados, que no sean específicamente ingenieros electricistas.[14]

---

13 El Art. 23 de la Ley Núm. 115, supra, 20 L.P.R.A. sec. 2722, dispone, en su parte pertinente, lo siguiente:

Toda compañía de servicio público o privado:

(a) Aprobará y suministrará servicio de energía eléctrica únicamente a instalaciones eléctricas que hayan sido realizadas o supervisadas por un ingeniero electricista colegiado o por un perito electricista colegiado debidamente autorizado por ley. [...] Disponiéndose, que los ingenieros y peritos electricistas colegiados certificarán la realización de instalaciones eléctricas mediante un documento oficial al respecto radicado ante la compañía de servicio público o privado. (Énfasis nuestro.)

14 A modo ilustrativo, citamos una de las secciones reglamentarias impugnadas:

Las disposiciones en este Reglamento aplicarán y cubrirán a toda obra de electricidad, como instalaciones soterradas, subestaciones y seccionadoras, instalaciones de postes,

El foro de instancia le ordenó al Colegio que mostrara causa por la cual no debía desestimar la demanda por falta de legitimación, en vista de que el Reglamento impugnado no modificó las funciones de los peritos electricistas.

Con el beneficio de la comparecencia de ambas partes, el tribunal de instancia concluyó que la Ley Núm. 115, supra, no le confería legitimación activa al Colegio para instar el presente recurso de injunction. Sostuvo, además, que éste no demostró que hubiese sufrido un daño real y palpable como consecuencia de la aprobación del Reglamento. Por el contrario, indicó que el daño alegado era abstracto y especulativo. En consecuencia, desestimó el recurso. Inconforme, el Colegio acudió al Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan, (en adelante, Tribunal de Circuito), el cual confirmó la determinación del foro de instancia.15

---

alumbrado o líneas aéreas, metro eléctrico o medidor...e instalaciones eléctricas interiores realizadas y a ser certificadas por un perito electricista colegiado o ingeniero licenciado colegiado, presentadas ante la consideración de la Autoridad de Energía Eléctrica. Reglamento Núm. 5360, Sec. I, Art. C.

15 El Colegio le imputó al foro de instancia haber cometido los siguientes errores:

1. Erró el Tribunal al concluir que "el Colegio carece de legitimación activa por sí y a nombre de sus miembros para instar la presente causa de acción".

2. Erró el Tribunal al concluir que el Artículo 18 de la Ley 115 del 1976 (20 L.P.R.A. 2717) no le confiere al apelante [el Colegio] legitimación activa para instar la presente acción, independientemente de que haya sufrido un daño claro, palpable, real, inmediato y preciso, según lo resuelto en Salas Soler v. Secretario de Agricultura, 102 D.P.R. 716 (1974) y desestimar la demanda presentada por el apelante.

3. Erró el Tribunal al no tomar como ciertos todos los hechos alegados en la demanda y en las mociones en cumplimiento de orden sometidas por el apelante [el Colegio] porque éste no presentó declaraciones juradas y otros documentos acreditativos del daño alegado como consecuencia de la aprobación de las disposiciones reglamentarias impugnadas, pues tal requerimiento nunca se le hizo al apelante [el Colegio] por parte del [t]ribunal y era improcedente procesalmente pues en esa etapa de los procedimientos sólo se estaba considerando la procedencia de una moción de desestimación.

Oportunamente, el Colegio recurrió ante nosotros con los siguientes señalamientos de error:

1. Erró el Tribunal al concluir, al igual que el Tribunal de Primera Instancia, que el Colegio carece de legitimación activa por sí y a nombre de sus miembros para instar la presente causa de acción y, en consecuencia, que éste actuó correctamente al desestimar la demanda presentada por el peticionario [el Colegio].

2. Erró el Tribunal de Circuito de Apelaciones al concluir, al igual que el Tribunal de Primera Instancia, que el Artículo 18 de la Ley 115 del 1976 (20 L.P.R.A. 2717) no le confiere al Colegio legitimación activa para instar la presente acción, independientemente de que haya sufrido un daño económico, según resuelto en Salas Soler v. Secretario de Agricultura, 102 D.P.R. 716 (1974) y García Oyola v. Junta de Calidad Ambiental, 97 CA 22,   y confirmar la desestimación de la demanda presentada por el peticionario [el Colegio].

3. Erró el Tribunal al no considerar el tercer error señalado por el peticionario [el Colegio] y al no concluir que erró el Tribunal de Primera Instancia al no tomar como ciertos todos los hechos alegados en la demanda y en las mociones en cumplimiento de orden sometidas por el peticionario [el Colegio] y desestimar su demanda porque éste no presentó declaraciones juradas y otros documentos acreditativos del daño alegado, pues el Tribunal nunca hizo tal requerimiento al peticionario [el Colegio] y el mismo era improcedente procesalmente, ya que el Tribunal no tenía ante sí una moción de sentencia sumaria y sólo estaba considerando la procedencia de una moción de desestimación.

Por estar íntimamente relacionados, discutiremos conjuntamente los señalamientos de error uno y dos.  A través de éstos, el Colegio alegó que la Ley Núm. 115, supra, le confiere legitimación activa para impugnar la validez de las disposiciones reglamentarias que autorizan a cualquier ingeniero colegiado a certificar instalaciones eléctricas.  Señaló, además, que satisfizo todos los criterios jurídicos que le otorgan legitimación activa al promovente de una causa de acción.

II

En ausencia de una ley que expresamente le confiera legitimación activa, el promovente de una reclamación puede comparecer como parte demandante si satisface los siguientes requisitos indispensables: (i) ha sufrido un daño claro y palpable, no abstracto ni hipotético; (ii) existe un nexo causal entre la causa de acción que se ejercita y el daño alegado

y, por último, (iii) la causa de acción surge al amparo de la Constitución o de alguna ley. Asoc. Maestros v. Srio. Educación, Op. de 30 de noviembre de 1994, 137 D.P.R. ___ (1994), 94 J.T.S. 145; Salas Soler v. Srio. de Agricultura, 102 D.P.R. 716 (1974).

Las agrupaciones o asociaciones poseen legitimación activa para comparecer como entidad o en representación de sus miembros cuando se cumplen los siguientes requisitos: (i) los miembros de la agrupación tendrían legitimación para demandar a nombre propio; (ii) los intereses que se pretende proteger están relacionados con los objetivos de la organización y (iii) la reclamación y el remedio solicitado no requieren la participación individual de los integrantes en el pleito. Asoc. de Maestros v. Torres, supra, pág. 446; Col. de Opticos v. Vani Visual Center, 124 D.P.R. 553 (1989).

La determinación de si un litigante posee legitimación activa debe hacerse liberalmente, especialmente cuando se trata de una reclamación instada contra agencias y funcionarios gubernamentales. Incluso, hemos resuelto que la persona afectada por una acción gubernamental no tiene que demostrar que ha sufrido un daño económico, sino que puede fundamentar su acción en consideraciones ambientales, recreativas o simplemente estéticas. García Loyola v. J.C.A., Op. de 21 de febrero de 1997, 142 D.P.R. ___ (1997), 97 J.T.S. 25; Salas Soler v. Srio. de Agricultura, supra.

Cuando se cuestiona la legitimación del sujeto activo al contestar una demanda, el tribunal debe presumir que las alegaciones son ciertas y evaluar la causa de acción de la forma más favorable para éste. Col. de Opticos v. Vani Visual Center, supra, pág. 567.

No obstante, cuando se impugna la constitucionalidad de una ley es preciso que la legitimación del promovente esté sustentada durante todas las etapas procesales del litigio. Cada requisito constitutivo de la legitimación debe sustentarse:

> ...de la misma manera que se sostiene cualquier otro asunto en que el peso de la prueba recaiga sobre la parte demandante, es decir, de la manera y con el grado de prueba requeridos en las

etapas subsiguientes del litigio. Hernández Torres v. Hernández Colón et al, 131 D.P.R. 593, 602 (1992), supra, citando con aprobación Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992).

Finalmente, en Col. de Opticos v. Vani Visual Center, supra, pág. 566, expresamos que cuando se trata de reclamaciones incoadas por entidades, a nombre de sus miembros, la determinación de si existe legitimación depende del remedio solicitado: "[s]i la petición es de naturaleza interdictal, una sentencia declaratoria o cualquier otro remedio que beneficiara a todos los miembros realmente perjudicados, procede que se le reconozca su legitimación activa".

Tomando en cuenta los pronunciamientos esbozados, veamos por qué el Colegio carece de legitimación activa para impugnar el Reglamento en controversia ante los tribunales. Examinaremos en primera instancia si la Ley Núm. 115, supra, le confiere legitimación activa al Colegio para impugnar el Reglamento.

III

Mediante la Ley Núm. 115, supra, se creó la Junta Examinadora de Peritos Electricistas (en adelante, la Junta). El Art. 18 de la referida ley, 20 L.P.R.A. sec. 2717, indica que el Colegio, entre otras entidades, tiene autoridad para velar porque se lleven a efecto las disposiciones del estatuto. En específico, dispone:

> Los miembros de la Junta que por este Capítulo se crea, el Secretario del Trabajo y Recursos Humanos y los empleados o funcionarios autorizados por éste, los miembros de la Policía y el Servicio de Bomberos de Puerto Rico, el Colegio de Peritos Electricistas y los peritos electricistas debidamente autorizados para el ejercicio de su profesión, serán las personas encargadas de velar por el cumplimiento de las disposiciones de este Capítulo. (Énfasis nuestro.)

El Colegio razonó que su legitimación activa para interponer la presente reclamación emana, precisamente, de la encomienda de velar por el cumplimiento con los preceptos de la Ley Núm. 115, supra. En

consecuencia, argumentó que era innecesario demostrar que se configuran los requisitos judiciales constitutivos de la legitimación activa.

La adecuada resolución de esta controversia requiere que interpretemos el artículo citado en armonía con las demás secciones, artículos y apartados de la Ley Núm. 115, supra. De esa manera, podemos otorgarle un sentido razonable y afín con la voluntad legislativa. Mun. San Juan v. Banco Gub. Fomento, Op. de 21 de mayo de 1996, 140 D.P.R. ___ (1996); 96 J.T.S. 73; Ojeda v. El Vocero, Op. de 26 de octubre de 1994, 137 D.P.R.___ (1994), 94 J.T.S. 131.

El Art. 19 de la Ley Núm. 115, supra, 20 L.P.R.A. sec. 2718, indica lo siguiente:

> Cualquier miembro de la Junta Examinadora, los inspectores del Colegio de Peritos Electricistas de Puerto Rico autorizados por la Junta, el Servicio de Bomberos, la Policía Estatal, el Secretario del Trabajo y Recursos Humanos y sus empleados o funcionarios autorizados por éste, quedan autorizados por la presente para entrar en proyectos de construcción e industrias donde se estén haciendo instalaciones eléctricas, hacer investigaciones, inspecciones o interrogatorios relacionados con el cumplimiento de este Capítulo. (Énfasis nuestro.)

De una interpretación y análisis armonioso de los Arts. 18 y 19 de la Ley Núm. 115, supra, surge con meridiana claridad que el primero tiene el propósito de especificar cuáles son las entidades con facultad para velar porque se cumplan los preceptos de la Ley Núm. 115, supra. El Art. 19, por su parte, tiene por finalidad aclarar o indicar la manera en que éstas van a llevar a cabo la referida encomienda. Esto es mediante (i) visitas a lugares en los que se realizan instalaciones eléctricas; (ii) inspecciones, (iii) investigaciones; (iv) interrogatorios.16

En virtud de lo anterior, no podemos otorgarle al Art. 18, la interpretación propuesta por el Colegio y concluir que éste le confiere legitimación activa, *per se*, para impugnar las disposiciones del

---

16 El Art. 5 de la Ley Núm. 115, supra, 20 L.P.R.A. 2705 dispone que una de las facultades de la Junta es precisamente:

> (l) "... autorizar al Colegio de Peritos Electricistas de Puerto Rico, bajo las normas y reglas que la Junta especifique mediante reglamento, a que implemente la organización de un

Reglamento. En consecuencia, no lo exime de demostrar que satisface todos los requisitos que otorgan legitimación activa a un litigante. Resulta evidente que esa no fue la intención de la Asamblea Legislativa al aprobar el referido artículo.

De otra parte, es menester señalar que la Ley Núm. 115, supra, faculta expresamente al Colegio para acudir a los tribunales e interponer recursos de interdicto para impedir el ejercicio de la profesión de perito electricista por personas que no estén debidamente licenciadas.17 La ley también dispone que el Secretario de Justicia puede incoar cualquier recurso que sea necesario para garantizar que se cumpla con los preceptos estatutarios.18

De lo anterior se puede colegir que la legitimación conferida al Colegio, mediante la Ley Núm. 115, supra, se circunscribe a la presentación de recursos de interdicto en casos de ejercicio ilegal de la profesión; ello, a pesar de la legitimación activa que tiene el Secretario de Justicia para incoar aquellas acciones pertinentes en casos de incumplimiento de la Ley Núm. 115, supra.19

---

sistema de inspectores para velar por el cumplimiento de las disposiciones de este Capítulo; (Énfasis nuestro.)

17 El Art. 23 de la Ley Núm. 115, supra, 20 L.P.R.A. sec. 2722(b), dispone, en lo pertinente, lo siguiente:

El Secretario del Trabajo [y Recursos Humanos], el Secretario de Justicia, el Colegio de Peritos Electricistas, la Junta Examinadora y el Cuerpo de Bomberos de Puerto Rico, la Autoridad de Energía Eléctrica o cualquier otra entidad afectada dentro del Estado Libre Asociado de Puerto Rico, podrá instar un procedimiento de *injunction* a tenor con las leyes que gobiernan estos procedimientos contra cualquier persona que se dedique a la práctica de la profesión de perito electricista sin tener licencia para ello. (Énfasis suplido.)

18 El Art. 22 de la Ley Núm. 115, supra, 20 L.P.R.A. sec. 2722 reza como sigue:

El Secretario de Justicia podrá entablar y tramitar cualquier acción o procedimiento ante los tribunales del Estado Libre Asociado de Puerto Rico, para el cumplimiento de las disposiciones de este Capítulo. (Énfasis nuestro.)

19 En su origen, el Art. 17 de la Ley Núm. 115, supra, disponía lo siguiente:

Nuestra conclusión anterior no dispone de la controversia, ya que debemos determinar si se configuran los criterios judiciales que confieren legitimación activa al promovente de una reclamación.

IV

Según ya señaláramos, el primer requisito para que una persona posea legitimación activa es que haya sufrido un daño claro y palpable, no abstracto ni hipotético.

El Colegio adujo que la aprobación del Reglamento tuvo un impacto económico adverso tanto en sus finanzas como en las de los peritos electricistas. Argumentó que, en la medida en que el Reglamento permite la certificación de instalaciones eléctricas por cualquier ingeniero colegiado, los peritos electricistas dejan de devengar ingresos personales por la realización de éstas. El Colegio, a su vez, deja de recibir ganancias por concepto de la venta de un sello que debe

---

Los miembros de la Junta que por esta ley se crea, el Secretario del Trabajo y los empleados o funcionarios autorizados por éste, los miembros de la Policía y el Servicio de Bomberos de Puerto Rico, el Colegio de Peritos Electricistas y los peritos electricistas debidamente autorizados para el ejercicio de su profesión, serán las personas encargadas de velar por el cumplimiento de las disposiciones de este Capítulo, <u>notificando a la Junta de cualquier infracción a la misma</u>. (Énfasis nuestro.)

El Art. 21, por su parte, disponía lo siguiente:

El Secretario de Justicia, <u>a solicitud de la Junta,</u> podrá entablar y tramitar cualquier acción o procedimiento ante los tribunales del Estado Libre Asociado de Puerto Rico, para el cumplimiento de las disposiciones de este Capítulo. (Énfasis nuestro.)

De dichas disposiciones surgía claramente que el deber de velar por el cumplimiento del estatuto no le confería legitimación al Colegio para acudir a los tribunales, sino que debían notificar de la infracción a la Junta y ésta última, a su vez, debía solicitarle al Secretario de Justicia que presentase la acción correspondiente.

No obstante, mediante la Ley Núm. 123 de 12 de junio de 1980 se enmendó la Ley Núm. 115, supra, y se suprimió del Art. 17 la frase "notificando a la Junta de cualquier infracción a la misma". También se eliminó del Art. 21 la frase a "solicitud de la Junta". Examinamos exhaustivamente el historial legislativo de la Ley Núm. 123, supra, y no encontramos debate alguno relacionado con la supresión de las referidas frases.

cancelarse cada vez que un perito electricista certifica una instalación eléctrica ante la A.A.A.20  En otras palabras, que el daño alegado por el Colegio consiste en que el Reglamento permite que un mayor número de profesionales certifique instalaciones eléctricas, lo cual  aumenta la competencia de los peritos electricistas y disminuye sus ingresos.  Esto no constituye un daño.  Elaboremos.

En Puerto Rico impera un sistema económico de libre empresa, el cual promueve la competencia entre los proveedores de bienes y servicios para el beneficio de los consumidores.  Nuestro ordenamiento jurídico encarna dicho sistema, protegiendo la libre y justa competencia. Como ejemplo de ello tenemos la Ley Núm. 77 de 25 de junio de 1964, 10 L.P.R.A. sec. 257 y ss, la cual prohibe las prácticas monopolísticas.  De otra parte, hemos resuelto que los pactos de no competencia en el ámbito laboral son válidos, como regla general, si cumplen con una serie de condiciones que garantizan su razonabilidad. Arthur Young & Co. v. Vega III, Op. de 24 de mayo de 1994, 136 D.P.R. __ (1994), 94 J.T.S. 75. Es decir, que tanto la competencia comercial como la profesional son afines con nuestra política pública.  No podemos, por lo tanto, avalar la teoría del Colegio de que la mera aprobación de un reglamento que tiene como consecuencia un aumento en la competencia profesional constituye un daño real, inmediato y preciso que amerite el reconocimiento de legitimación activa.21  En virtud de

_____

20   El Art. 8 de la Ley Orgánica del Colegio, Ley Núm. 131 de junio 28 de 1969, según enmendada, 20 L.P.R.A. sec. 2018 dispone lo siguiente:

Será deber de todo perito electricista cancelar un sello de cinco dólares ($5.00) que habrá de adoptar oficialmente el Colegio para toda Certificación de Instalación Eléctrica radicado en cualquiera de las oficinas de la Autoridad de Energía Eléctrica de Puerto Rico....

21   Es menester señalar que para avalar la teoría del Colegio tendríamos que presumir, además, que de no ser por la aprobación del Reglamento, las certificaciones realizadas por ingenieros no electricistas, hubiesen sido hechas por peritos electricistas.  Esto resulta altamente especulativo, ya que cada persona determina si contrata los servicios de un perito o un ingeniero de acuerdo con su mejor criterio y dependiendo de sus necesidades.

lo anterior, procedía la desestimación del recurso interpuesto por el Colegio.

En virtud de todo lo antes expuesto, disentimos de la posición adoptada por la mayoría, dictaríamos sentencia confirmando la dictada por el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan.[22]

Miriam Naveira de Rodón
Juez Asociada

---

[22] Dada la conclusión a la que llegamos no discutiremos el tercer señalamiento de error.