FUNDACIÓN ARQUEOLÓGICA, ANTROPOLÓGICA E HISTÓRICA DE PUERTO RICO ET AL., demandantes y recurridos, *v.* DEPARTAMENTO DE LA VIVIENDA, CORPORACIÓN DE RENOVACIÓN URBANA Y VIVIENDA, JUNTA DE PLANIFICACIÓN DE PUERTO RICO, ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS, RICHARD H. KLUMB y VICENTE RESTO, INC., demandados, y peticionario el quinto.

*Número:* O-79-583      *Resuelto:* 26 de febrero de 1980

*Dubón, González & Vázquez* y *Mario Arroyo Dávila,* abogados de Richard H. Klumb, peticionario, *Wilfredo A. Géigel,* abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

La Fundación Arqueológica y siete ciudadanos instaron ante la Sala de San Juan del Tribunal Superior un pleito de clase en que alegan representar a todos los puertorriqueños, reclamando un billón de dólares de personas, agencias y corporaciones públicas del Estado Libre Asociado por concepto de daños y perjuicios estéticos que alegan haber sufrido con la demolición del edificio identificado con el Núm. 155 de la Calle San Sebastián de San Juan, radicado en la zona histórica y que aducen era parte del patrimonio cultural de todos nosotros. El demandado ingeniero Klumb solicitó desestimación de la demanda por falta de capacidad para demandar en los actores, moción que fue denegada por la sala de instancia, ordenando en su lugar que prosiguiera el litigio certificado como pleito de clase. Atendemos a la petición de *certiorari* del ingeniero y considerada la oposición de los demandantes, procedemos a resolver a tenor de la Regla 50 de nuestro Reglamento.

A diferencia de *Salas Soler* v. *Srio. de Agricultura,*

102 D.P.R. 716 (1974), no es éste un caso en que el ciudadano recurre a la acción civil en protección de una política pública, acción que en aquél estaba expresamente autorizada por el Art. 19 de la Ley sobre Política Ambiental, 12 L.P.R.A. sec. 1139. (1) Aquí la acción ejercitada no es preventiva dirigida a preservar el edificio Núm. 155 de la Calle San Sebastián obligando mediante *mandamus* o *injunction* a la implementación de la política pública relacionada con la zona histórica, porque el edificio fue demolido el 13 de julio de 1979. La presente es una acción pura y estrictamente de reparación por alegado daño que leyendo la demanda en la forma más favorable a los actores consistiría en habérseles privado de la contemplación y conservación de un edificio centenario que ellos, en discrepancia con la Junta de Planificación, el Instituto de Cultura y demás agencias por ley designadas para promover y ejecutar la política pública sobre el particular, consideraban parte del patrimonio cultural de todos los puertorriqueños. Por tanto, en consecuencia final, la reclamación de un billón de dólares contra agencias y organismos del Estado, y contra el recurrente Klumb, está predicada en una diferencia de criterio y apreciación entre demandantes y demandados respecto a cuál fuere el valor histórico y cultural de la estructura eliminada, a pesar de ser todos los demandados "personas conocedoras de los valores históricos y culturales de Puerto Rico" según se alega afirmativamente en el párrafo 11 de la demanda.

---

(1) En *Salas Soler* v. *Srio. de Agricultura*, supra, la propia Ley en su Art. 19 proveyó causa de acción al ciudadano al ordenar:

"Cualquier persona natural o jurídica podrá llevar acciones en daños y perjuicios en los Tribunales de Justicia contra cualquier otra persona natural o jurídica basada en daños que sufran por violaciones a este Capítulo. Esta acción civil será independiente y diferente de los procesos administrativos que se sigan en la Junta. Igualmente cualquier persona natural o jurídica afectada por la falta de implementación de este Capítulo podrá acudir al Tribunal Superior en solicitud de que se expida un *mandamus* para que se cumpla con lo dispuesto en este Capítulo. Nada de lo dispuesto en este Capítulo podrá interpretarse como que permite a una persona natural o jurídica incoar acciones en daños y perjuicios contra la Junta de Calidad Ambiental por falta implementación de este Capítulo o los reglamentos adoptados en virtud del mismo."

■ La acción de los demandantes propone una intervención indebida y a posteriori del poder judicial con las ramas legislativa y ejecutiva, expresamente descontada en *Salas Soler*, supra, a las págs. 724 y 726. Sin que sea necesario resolver si sería atendible la acción pública de los ciudadanos promovida *antes* de ejecutarse la determinación de las agencias, de modo a evitar la demolición, a estas alturas en que ya se tomó la decisión por los organismos con especial conocimiento de la materia, cuando ya es académico el debate en el foro judicial en cuanto a la sabiduría o error en la decisión tomada, no hay capacidad en los demandantes para demandar y su acción no es justiciable. No lo es por ser simplemente una *acción privada* para el resarcimiento de unos daños abstractos, y no la *acción pública* encaminada a la ejecución de un deber ministerial como en *Asociación de Maestros* v. *Pérez, Gobernador, Int.*, 67 D.P.R. 848 (1947), y en *Cerame-Vivas* v. *Srio. de Salud*, 99 D.P.R. 45 (1970).

■ La Constitución del Estado Libre Asociado que en su Art. VI, Sec. 19, provee base para la implementación de la política pública de "conservación y mantenimiento de los edificios y lugares que sean declarados de valor histórico o artístico por la Asamblea Legislativa" no autoriza la reclamación de daños simbólicos o abstractos adjudicables en proceso de sustitución del criterio de los demandantes impuesto por decisión judicial, en lugar del criterio de las agencias del Estado encargadas de implementar la política pública, sobre cuáles son los edificios de valor histórico o artístico. La Asamblea Legislativa tampoco autorizó dicha acción por ley. La capacidad para demandar forzosamente depende de la naturaleza justiciable de la reclamación; de que el demandante plantee una controversia real con el demandado. Aun en los casos derivados de precepto constitucional o estatuto el demandante debe alegar que ha sufrido un "claro y palpable daño, no importando que el tipo de daño esté compartido por una extensa clase de otros posibles litigantes". *Warth* v. *Seldin*, 422 U.S. 490, 498 y 501 (1975).

El daño por el que reclaman compensación los demandantes es "daño al patrimonio cultural de todos los puertorriqueños" por la desaparición de un oscuro edificio sin más linaje de historia que el haber soportado por un siglo los embates de los elementos. No hay más concreción en sus alegaciones. "[L]a capacidad para demandar no puede depender del interés aquí alegado que tienen en común todos los que integran el público, por la naturaleza necesariamente abstracta del agravio que todos los ciudadanos comparten. Daño concreto, ya sea real o inminente, es indispensable elemento de la controversia que la proyecta de modo tradicionalmente justiciable. . . . Permitir a un demandante que no alega un daño explícito, que requiera del Tribunal resolver sobre una importante cuestión constitucional, crearía un potencial de abuso del proceso judicial, distorsionaría la función de la Rama Judicial en su relación con la Ejecutiva y la Legislativa, y expondría a los tribunales a la imputación fundada de propiciar un 'gobierno por *injunction*'." *Schlesinger* v. *Reservists Committee to Stop the War*, 418 U.S. 208, 220–222 (1974). La cualidad de controversia justiciable fue reconocida como elemento esencial de la acción pública en *Salas Soler*, supra, donde advertimos que la puerta no está abierta de par en par a la litigación indiscriminada por cualquier ciudadano en alegada protección de una política pública, *ibid.*, págs. 723–724.

La presencia de una controversia justiciable es lo que activa el poder judicial. Cuando falta, la intrusión por el tribunal habrá de transgredir los poderes de otra rama de gobierno. No se estaría decidiendo una controversia judicial, sino asumiendo una posición de autoridad sobre los actos gubernamentales de otra rama de igual jerarquía, facultad que no tiene la judicial. *Commonwealth of Massachusetts* v. *Mellon*, 262 U.S. 447, 488–489 (1923).

*Se anulará la resolución recurrida y se desestimará la demanda en cuanto al recurrente Klumb.*

El Juez Presidente Señor Trías Monge disintió sin opinión.

Los Jueces Asociados Señores Torres Rigual y Martín concurrieron en el resultado. El Juez Asociado Señor Negrón García no intervino.