Margarita Sánchez et al., demandantes y apelantes, *v.* Secretario de Justicia et al., demandados y apelados.

*Número:* AC-2000-63          *Resuelto:* 30 de noviembre de 2000

I

*Sheila I. Vélez Martínez, Nora Vargas Acosta* y *Charles Hey Maestre*, abogados de la parte peticionaria.

644

—o—

Voto particular disidente emitido por el Juez Asociado Señor Hernández Denton, al cual se une la Juez Asociada Señora Naveira de Rodón.

De la sentencia del Tribunal de Circuito de Apelaciones que desestimó la demanda de epígrafe por falta de legitimación activa, recurren los demandantes en apelación ante este Foro.

Por entender que los aquí apelantes tienen legitimación activa para proseguir la presente acción, respetuosamente disentimos de la mayoría de este Tribunal.

I

El 23 de junio de 1998 los recurrentes presentaron una petición de sentencia declaratoria e *injunction* permanente ante el Tribunal de Primera Instancia contra el Secretario de Justicia y el Estado Libre Asociado de Puerto Rico (E.L.A.) para impugnar la constitucionalidad del Art. 103 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4065, que penaliza a "[t]oda persona que sostuviere relaciones sexua-

les con una persona de su mismo sexo o cometiere el crimen contra natura con un ser humano ...". La pena fija impuesta por la comisión de este delito es de diez (10) años.

El grupo de demandantes consiste en una pareja de mujeres adultas que conviven y sostienen una relación afectiva entre sí; dos (2) parejas de hombres adultos en igual situación, y la organización American Civil Liberties Union (A.C.L.U.) en representación de algunos de sus miembros en Puerto Rico que incurren en el tipo de conducta íntima consensual que el mencionado artículo prohíbe. Alegaron, en síntesis, que el Art. 103 del Código Penal puertorriqueño, *supra*, viola varios de sus derechos fundamentales, específicamente, el derecho a la intimidad, a la igual protección de las leyes y al debido proceso de ley. Arguyeron tener un temor fundado de ser víctimas de persecución, hostigamiento y de ser procesados criminalmente al amparo del referido estatuto.

El 25 de agosto de 1998, el E.L.A. solicitó la desestimación de la demanda. Alegó que los demandantes carecían de acción legitimada pues ninguno de ellos había sido acusado al amparo del estatuto impugnado. En oposición a esta moción, los demandantes relataron cómo, mientras participaba de unas vistas públicas ante la Cámara de Representantes de Puerto Rico, la Rvda. Margarita Sánchez De León fue apercibida por uno de los miembros de esa Cámara Legislativa de que, por ser lesbiana, podría ser procesada penalmente bajo el Art. 103 del Código Penal, *supra*. Apéndice VI, págs. 49–50.

Señalaron, además, que ante ese mismo foro el Subsecretario de Justicia manifestó su disposición de poner en vigor el mencionado estatuto. Apéndice VI, pág. 50. Estos hechos no han sido controvertidos. Finalmente, los demandantes argumentaron que tal situación les colocaba ante una amenaza real de procesamiento criminal, por lo que no era necesario haber sido arrestados para impugnar la constitucionalidad de este artículo.

Así las cosas, el Tribunal de Primera Instancia denegó la Moción de Desestimación del Estado. Le reconoció a los demandantes legitimación para impugnar la inconstitucionalidad del citado Art. 103 del Código Penal. Inconforme, el Estado acudió en apelación ante el Tribunal de Circuito de Apelaciones. Dicho tribunal, mediante Sentencia de 28 de abril de 2000, revocó la determinación del foro de instancia y desestimó la demanda.

Es en apelación de esta sentencia que los demandantes acuden ante nos.

## II

En Puerto Rico, para que un tribunal pueda entender en un pleito es necesario que exista una genuina controversia entre partes encontradas y que éstas tengan un interés real en obtener un remedio que les afecte jurídicamente. *E.L.A. v. Aguayo*, 80 D.P.R. 552 (1958). La finalidad de esta exigencia es asegurarle al tribunal que las partes litigantes tienen un interés de tal índole que, con toda probabilidad, proseguirán su causa de acción vigorosamente y traerán, adecuadamente, a la atención del tribunal las cuestiones en controversia. *Hernández Agosto v. Romero Barceló*, 112 D.P.R. 407, 413 (1982). Esta capacidad para realizar con eficacia actos procesales y comparecer como parte demandante se conoce propiamente como "legitimación activa". *Col. Ópticos de P.R. v. Vani Visual Center*, 124 D.P.R. 559, 563 (1989).

A tales efectos, para estar legitimado, todo demandante tiene que demostrar haber sufrido un daño claro y palpable, real, inmediato y preciso, y no abstracto e hipotético. Asimismo, la causa de acción ejercitada debe surgir bajo el palio de una ley o de la Constitución y debe haber una conexión entre el daño sufrido y la causa de acción ejercitada. *Fund. Arqueológica v. Depto. de la Vivienda*, 109 D.P.R. 387, 392 (1980); *Hernández Agosto v. Romero*

*Barceló,* supra; *Hernández Torres v. Hernández Colón et al.,* 131 D.P.R. 593 (1992); *Asoc. Maestros P.R. v. Srio. Educación,* 137 D.P.R. 528 (1994).

En cuanto a la legitimación activa de una asociación que intenta representar los intereses de sus miembros en los tribunales, hemos señalado que deben considerarse, además, los criterios siguientes: (1) que los miembros de la asociación tengan legitimación activa para demandar a nombre propio; (2) que los intereses defendidos estén relacionados con los objetivos de la organización, y (3) que la reclamación y el remedio solicitado no requieran la participación individual de los miembros en el pleito. *Col. Ópticos de P.R. v. Vani Visual Center,* supra.

De otra parte, reiteradamente esta Curia ha interpretado los requisitos sobre legitimación activa de forma flexible y liberal, particularmente al atender reclamos dirigidos contra las agencias y los funcionarios gubernamentales. *García Oyola v. J.C.A.,* 142 D.P.R. 532 (1997); *Col. Ópticos de P.R. v. Vani Visual Center,* supra, pág. 564; *Pacheco Fraticelli v. Cintrón Antonsanti,* 122 D.P.R. 229, 237 (1988); *Solís v. Municipio de Caguas,* 120 D.P.R. 53, 56 (1987); *Salas Soler v. Srio. de Agricultura,* 102 D.P.R. 716, 719 (1974). Este enfoque "responde a un reconocimiento de que para cumplir con nuestra responsabilidad constitucional en esta época debemos interpretar liberalmente los requisitos de legitimación activa de aquellos que acuden al foro judicial en auxilio de nuestra jurisdicción. ... De lo contrario, cerramos las puertas de los tribunales a personas y entidades que han sido adversamente afectadas por actuaciones del Estado o de entidades particulares y que presentan reclamaciones que pueden ser debidamente atendidas por el foro judicial". *Col. Ópticos de P.R. v. Vani Visual Center,* supra, pág. 564.

En cuanto a la necesidad de que un litigante haya sufrido un daño real como requisito previo al reconocimiento de legitimación activa, resulta pertinente reseñar lo re-

suelto sobre este particular por el Tribunal Supremo ·de Estados Unidos en casos en que se cuestiona la constitucionalidad de estatutos penales. En particular, debemos considerar las situaciones en que el daño sufrido está constituido por la amenaza de ser encausado criminalmente.[1]

En múltiples ocasiones, el Tribunal Supremo de Estados Unidos ha atendido reclamos de litigantes no procesados por las leyes cuya constitucionalidad impugnan. Así, por ejemplo, en *Doe v. Bolton*, 410 U.S. 179 (1973), ese Foro le reconoció legitimación activa, o *standing*, a un médico que impugnó la constitucionalidad de un estatuto que prohibía ciertas prácticas abortivas. Al disponer sobre este asunto expresó:

> We conclude, however, that the physician-appellants ... do have standing despite the fact that the record does not disclose that any one of them has been prosecuted, or threatened with prosecution, for violation of the State's abortion statutes. *The physician is the one against whom these criminal statutes directly operate in the event he procures an abortion that does not meet the statutory exceptions and conditions.* The physician-appellants, therefore, assert a sufficiently direct threat of personal detriment. They should not be required to await and undergo a criminal prosecution as the sole means of seeking relief. *Doe v. Bolton*, supra, pág. 188. Véase, además, *Planned Parenthood of Missouri v. Danforth*, 428 U.S. 52, 62 (1976).

De esta forma, el Tribunal Supremo federal reconoció que el grado de amenaza necesario para que un litigante ostente legitimación activa puede surgir del hecho de que el estatuto impugnado vaya dirigido específicamente a prohibir el tipo de actividad que el demandante realice.

En similar situación se encuentran los litigantes de este caso frente al Art. 103 de nuestro Código Penal, *supra.*

---

[1] Resultan, además, persuasivas las determinaciones de varios tribunales estatales que han permitido el acceso a litigantes que acuden ante esos foros a cuestionar la validez de los estatutos de sodomía a pesar de que ninguno de ellos haya sido arrestado o acusado por ese delito. Véanse: *Bryant v. Picado*, 996 S.W.2d 17, 19 (Ark. 1999); *Gryczan v. State*, 942 P.2d 112 (Mont. 1997); *Campbell v. Sundquist*, 926 S.W.2d 250 (Tenn. 1996).

Toda vez que el estatuto penal puertorriqueño criminaliza el sostener relaciones sexuales con personas del mismo sexo, los demandantes están ante una ley dirigida a prohibir precisamente el tipo de conducta íntima y consensual que ellos realizan, encontrándose por tanto expuestos a una amenaza directa de detrimento personal. Cabe señalar, además, que distinto a *Doe v. Bolton*, supra, en el caso de autos los demandantes sí han recibido ciertas amenazas personales de ser acusados por el delito impugnado, circunstancia que, ciertamente agrava su situación.

Igualmente, se ha señalado que no es necesario que un demandante haya sido arrestado como requisito previo para cuestionar la validez de un estatuto criminal cuando éste puede disuadir el ejercicio de un derecho constitucional. *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979); *Steffel v. Thompson*, 415 U.S. 452, 459 (1974); *Epperson v. Arkansas*, 393 U.S. 97 (1968). Véase, además, *United Food & Com. Workers Intern. v. IPB, Inc.*, 857 F.2d 422 (8vo Cir. 1988).

En *Babbitt v. Farm Workers*, supra, un sindicato cuestionó una ley estatal que tipificaba como delito, entre otras cosas, utilizar publicidad engañosa a fin de que los consumidores desistieran de comprar productos agrícolas. El Tribunal Supremo rechazó el argumento de falta de justiciabilidad al resolver que "[w]hen contesting the constitutionality of a criminal statute, it is not necessary that [the plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute that he claims deters the exercise of his constitutional rights. *Babbitt*, supra, pág. 298. Se recalcó, además, que un litigante tiene legitimación cuando manifiesta su intención de comportarse conforme a una conducta concebiblemente protegida por la Constitución; la conducta está prohibida por ley, y hay un temor real de ser procesado por ella. Íd. No obstante, cuando el temor de los litigantes de ser encausados criminalmente es meramente imaginario o especula-

tivo, éstos no tienen derecho al reconocimiento de su legitimación en causa. Íd.

En el caso de autos, los demandantes claramente, según han manifestado, continuarán realizando el tipo de conducta proscrita por ley, conducta que, arguyen, está protegida constitucionalmente. Asimismo, las afirmaciones realizadas por los funcionarios públicos, indicativas de su intención de encausar criminalmente a los violadores de esta ley, ciertamente han ocasionado un temor fundado en los litigantes de ser procesados por una conducta concebiblemente protegida constitucionalmente. Esto es cimiento suficiente para reconocerle a los demandantes el interés adecuado para proseguir esta acción vigorosamente.

A similar conclusión ha llegado el Tribunal Supremo de Montana al resolver un asunto de análoga naturaleza:

> Because the legislature does not regard the statute as moribund and because enforcement has not been foresworn by the Attorney General, we agree that Respondents suffer a legitimate and realistic fear of criminal prosecution along with other psychological harms. Respondents are precisely the individuals against whom the statute is intended to operate. This is sufficient to give Respondents standing to challenge the constitutionality of the statute. Moreover, to deny Respondents standing would effectively immunize the statute from constitutional review. *Gryczan v. State*, 942 P.2d 112, 120 (Mont. 1997).[2]

Indiscutiblemente, la normativa mencionada, unida a la manifiesta tendencia liberalizadora que sobre este asunto ha sostenido este Tribunal, *Col. Ópticos de P.R. v. Vani Visual Center*, supra, no pueden llevar sino a la conclusión de que los demandantes de epígrafe, en efecto, ostentan legitimación activa. El hecho de que no hayan sido arrestados o acusados al amparo del mencionado estatuto, sin más, no les priva de capacidad para comparecer ante los tribunales

---

[2] Véase, además, *Babbitt v. Farm Workers*, 442 U.S. 289, 302 (1979):

"[T]he State has not disavowed any intention of invoking the criminal penalty provision against unions that commit unfair labor practices. Appellees are thus not without some reason in fearing prosecution for violation of the ban on specified forms of consumer publicity."

de Puerto Rico, pues esta sola circunstancia no hace del daño que puedan sufrir menos claro y real. Definitivamente, no es hipotético un temor fundamentado en el conocimiento de que con su conducta, los litigantes se exponen a una rigurosa pena de cárcel.

Finalmente, estimamos que también debe reconocérsele legitimación activa al A.C.L.U. por tener capacidad para defender los derechos de sus miembros que incurren en conducta punible por el referido Art. 103, según los parámetros que para ello ha establecido nuestra jurisprudencia. Véase *Col. Ópticos de P.R. v. Vani Visual Center*, supra. En primer lugar, por las razones mencionadas, los miembros de la A.C.L.U. tienen legitimación activa para demandar a nombre propio. En segundo lugar, los intereses defendidos por la organización en este caso están íntimamente relacionados con sus objetivos (la defensa de los derechos civiles). Por último, en el presente recurso no se requiere la participación individual de los miembros en el pleito. En cuanto a este factor, hemos considerado como determinante la naturaleza del remedio solicitado. Si es de naturaleza interdictal, sentencia declaratoria o cualquier otro remedio en beneficio de todos los miembros perjudicados, le será reconocida legitimación activa a la agrupación. *Col. Ópticos de P.R. v. Vani Visual Center*, supra, pág. 566. Siendo el recurso presentado en el caso de epígrafe uno del mencionado carácter, este tercer y último requisito queda también cumplido.

Por los fundamentos expuestos, expediríamos el auto de *certiorari* presentado por los peticionarios, revocaríamos la sentencia del Tribunal de Circuito de Apelaciones, y confirmaríamos la resolución del Tribunal de Primera Instancia. Por ende, disentimos del criterio de una mayoría de este Tribunal.