| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL VI | | |
| DYL BIOMEDICAL WASTE, INC.<br><br>APELANTE<br><br>V.<br><br>MUNICIPIO DE SAN JUAN<br><br>APELADA | KLAN202300919 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: SJ2022CV08911<br><br>Sobre: Cobro de dinero-ordinario, daños, enriquecimiento injusto, incumplimiento de contrato |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 8 de diciembre de 2023.

Comparece ante este Tribunal, DYL Biomedical Waste, Inc. (en adelante, apelante o DYL) mediante el recurso de apelación en el que solicita la revocación de la *Sentencia* dictada el 30 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Por medio del dictamen recurrido, el foro de instancia desestimó su demanda y le impuso el pago de gastos y costas por su conducta temeraria al conocer que carecía de capacidad jurídica para ello.

Por los fundamentos a continuación confirmamos la sentencia apelada.

**I**

El 11 de octubre de 2022, el apelante presentó una demanda en cobro de dinero, daños y perjuicios, incumplimiento de contrato y enriquecimiento injusto en contra del Municipio de San Juan (en adelante, apelada o MSJ).[1] Específicamente, reclamó que la parte apelada contrató sus servicios de recogido y destrucción de desperdicios biomédicos, patológicos e infecciosos, pero incumplió los pagos presuntamente pactados.

---

[1] Apéndice del recurso de apelación, *Demanda*, en la pág. 1.

Número Identificador

SEN2023_____

El MSJ presentó una *moción de exposición más definida* al amparo de la Regla 10.4 de Procedimiento Civil, 32 LPRA Ap. V, en la que adujo que las alegaciones de la demanda eran vagas, imprecisas e indefinidas, por cuanto solicitó que el Tribunal de Primera Instancia ordenara la producción de la información solicitada.[2] Por consiguiente, el apelante presentó demanda enmendada en la que especificó las cuantías adeudadas.[3]

Posteriormente, el MSJ presentó una *Solicitud de desestimación* en la que arguyó que, a pesar de que la apelante aseguró ser una corporación con fines de lucro debidamente organizada y constituida de acuerdo con las leyes, surge del registro de corporaciones del Departamento de Estado que el certificado de incorporación de esta fue cancelado el 16 de octubre de 2015.[4] Por ello, al haber transcurrido el término de tres (3) años provisto por la *Ley General de Corporaciones*, para la liquidación de una corporación disuelta, solicitó la desestimación debido a que la apelante carecía de legitimación activa para instar la acción de autos.

Por su parte, DYL presentó su *Oposición a moción de desestimación* mediante la cual adujo que, extinguido el término de tres años siguientes a la disolución de una corporación, la *Ley General de Corporaciones* contempla el nombramiento de un síndico o administrador judicial quien se encargue de velar por los bienes de la corporación extinta. 14 LPRA sec. 3709. Por consiguiente, sostuvo que procedía el nombramiento de su abogado como administrador judicial. Precisó que el apelado le adeudaba más de un millón de dólares y que este incurrió en conducta temeraria por su falta de interés en el pago de la deuda.

El 30 de agosto de 2023, el Tribunal de Primera Instancia dictó *Sentencia* mediante la cual desestimó la demanda del apelante y, por haber presentado la acción sabiendo que carecía legitimación activa, le impuso

---

[2] *Id.* en la pág. 17.
[3] *Id.* en la pág. 21.
[4] *Id.* en la pág. 92.

el pago de los gastos y costas en los que incurrió el MSJ en la defensa de esta, más el pago de $5,000 en honorarios de abogado.

Inconforme, tras una moción de reconsideración que fue denegada, DYL presentó el recurso de apelación de autos mediante el cual sostiene que el foro recurrido cometió el siguiente error:

> Erró el TPI al desestimar la demanda y no acoger la petición hecha por DYL Biomedical al amparo del artículo 9.09 de la *Ley general de Corporaciones* quedando bienes en DYL Biomedical sin liquidar.

Por otro lado, MSJ presentó su *Alegato en oposición a apelación* en el que adujo que el art. 9.09 de la Ley General de Corporaciones, *supra*, no permite que sea la propia corporación extinta quien solicite el nombramiento del síndico y, además, para ello es necesario que se muestre justa causa. En este caso, adujo que no procedía la activación de este procedimiento puesto que no se cumplieron los requisitos mandatados.

**II**

**A. Legitimación activa**

El Tribunal Supremo de Puerto Rico ha resuelto en reiteradas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción por lo que estamos obligados *motu proprio* a considerar este asunto antes de acoger o entrar en los méritos de cualquier reclamación. *García v. Hormigonera* Mayagüezana, 172 DPR 1, 7 (2007). La jurisdicción de un tribunal queda determinada por la aplicación de diversas doctrinas que le dan vida al principio de justiciabilidad. *Sánchez et al. v. Srio. de Justicia et al*, 157 DPR 360, 370 (2001). Una de estas doctrinas es la de legitimación activa, la cual se define como "la razón jurídica que asiste a la parte actora para comparecer ante el tribunal y obtener una sentencia vinculante". *MAPFRE v. ELA*, 188 DPR 517, 533 (2013), que cita a Hernández Colón, *Derecho Procesal Civil*, Lexis Nexis, 5ta Ed., 2010, a la pág. 109. Cónsono con tal precepto, la legitimación de quien promueve la acción se exige en todo proceso judicial. *Id.*, que cita a Hernández Colón, *op. cit.*, a la pág. 110.

El propósito de la doctrina antes mencionada es que el tribunal se asegure de que en toda acción que se presente ante sí, el reclamante tenga un interés genuino, que va a proseguir su causa de forma vigorosa y que todos los asuntos pertinentes serán colocados ante la consideración del tribunal. *P.I.P. v. E.L.A. et al.*, 186 DPR 1, 11 (2012), que cita a *Sánchez et al. v. Srio de Justicia et al.*, *supra*, en la pág. 371. Por lo tanto, los tribunales tenemos el deber de examinar si los demandantes poseen legitimación activa para incoar una acción o reclamar determinado remedio. *Hernández Torres v. Gobernador*, 129 DPR 824, 835 (1992). Este es un elemento necesario para la debida adjudicación de los méritos de una controversia, según el principio de justiciabilidad. *Id.*

Nuestro más alto foro, define el término *"legitimación en causa"*, como "la capacidad de una parte para realizar con eficacia actos procesales como parte litigante y comparecer como demandante o demandado, o en representación de cualquiera de ellos". *Col. Ópticos de P.R. v. Vani Visual Center*, 124 DPR 559, 563 (1989). Lo anterior significa que son necesarias tanto la legitimación activa del demandante, como la legitimación pasiva para ser demandado. *Id.*, que cita a L. Ribó Durán, Diccionario de Derecho, Barcelona, Ed. Bosch, 1987, pág. 364. Así pues, para que haya acción legitimada, tiene que existir la "capacidad para demandar", pero no todo el que tiene capacidad para demandar tiene "acción legitimada" en un pleito en específico. *Col. Ópticos de P.R. v. Vani Visual Center*, *supra*. En todo caso, el reclamante deberá demostrar que tiene un interés legítimo en la acción específica presentada ante el foro competente. *Id.*, que cita a R. Serrano Geyls, Derecho Constitucional de Estados Unidos y Puerto Rico, San Juan, Ed. C. Abo. P.R., 1986, Vol. I, pág. 132.

Con el fin de determinar si una parte posee legitimación activa para incoar un pleito, el Tribunal Supremo ha adoptado ciertos criterios. De tal modo, se considera que una parte tiene legitimación activa: (1) cuando ha sufrido un daño claro y palpable; (2) ese daño es inmediato, preciso, no

abstracto ni hipotético; (3) existe una relación causal razonable entre la acción que se ejecuta y el daño alegado, y (4) la causa de acción surge al amparo de la Constitución o de alguna ley. *Romero Barceló v. E.L.A.*, 169 DPR 460, 470-471 (2006), que cita a *Col. Peritos Elec. v. A.E.E.*, 150 DPR 327 (2000); *Asoc. Maestros P.R. v. Srio. Educación*, 137 DPR 528 (1994); *Hernández Agosto v. Romero Barceló*, 112 DPR 407 (1982); *Fund. Arqueológica v. Depto. de la Vivienda*, 109 DPR 387 (1980).

Los requisitos anteriores aplican, tanto cuando el demandante es una persona particular, como cuando se trata de un grupo u organización. *Muns. Aguada y Aguadilla v. JCA*, 190 DPR 122, 132 (2014). No debemos perder de perspectiva que, cuando se cuestiona la legitimación activa de una parte debemos tomar como ciertas las alegaciones del demandante y evaluar su causa de acción de la forma más favorable para este*. Col. Peritos Elec. v. A. E. E.*, *supra*, que cita a *Col. Ópticos de P.R. v. Vani Center*, *supra*, a la pág. 567. Recordemos que, como tribunal revisor, "no podemos ceder ante la tentación de obviar los principios de legitimación activa para adjudicar los méritos de [un] caso." *Hernández Torres v. Hernández Colón et al*, 131 DPR 593, 598 (1992).

### B. Moción de desestimación

Nuestro ordenamiento procesal permite la presentación de mociones dispositivas en las que una parte solicite que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio plenario. La moción conforme a la Regla 10.2 de Procedimiento Civil, supra, "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008), que cita a *Colón v. Lotería*, 167 DPR 625 (2006). Entre las defensas que pueden presentarse en virtud de esta regla se encuentra la falta de jurisdicción sobre la persona.

Al resolver este tipo de mociones, los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas" y, "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, págs. 428-429. Es decir, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y 'únicamente procedería cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'." *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Además, "[no] procede la desestimación si la demanda es susceptible de ser enmendada." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429.

### C. Liquidación de corporaciones

En virtud de la *Ley General de Corporaciones*, Ley Núm. 164-2009, 14 LRPA sec. 3501, cualquier corporación adquiere personalidad jurídica separada de sus accionistas mediante la radicación en el Departamento de Estado de un certificado de incorporación. *Santiago et al. v. Rodríguez et al.*, 181 DPR 204, 215 (2011). A partir de entonces, una corporación puede organizarse "para la realización o promoción de cualquier negocio o propósito lícito". *Id.* Además, desde la expedición del certificado de incorporación esta "ostenta personalidad jurídica y, por ende, legitimación activa, puede otorgar contratos y comparecer a una acción civil como demandante o demandado bajo su nombre corporativo". *Eagle Security v. Efrón Dorado et al.,* 2023 TSPR 5, 211 DPR __(2023).

La disolución de una corporación es el proceso por el cual se le pone fin a la personalidad jurídica de ésta, entiéndase que muere jurídicamente. *Miramar Marine et al. v. Citi Walk*, et al., 198 DPR 684, 691-692 (2017). La *Ley General de Corporaciones* regula este mecanismo mediante el cual se liquida la personalidad corporativa. Precisamente, los Artículos 9.08 y 9.09

establecen los reconocidos *survival statutes* del *common law*, los cuales extienden la personalidad jurídica de una corporación con el objetivo de que culmine el proceso de liquidación. *Id.* en la pág. 693. Particularmente, el art. 9.08 provee lo siguiente:

> Toda corporación que se extinga por limitación propia o que por otro modo se disuelva, continuará como cuerpo corporativo por un plazo de tres (3) años a partir de la fecha de extinción o de disolución o por cualquier plazo mayor que el Tribunal de Primera Instancia (Sala Superior) en el ejercicio de su discreción disponga a los efectos de llevar adelante los pleitos entablados por la corporación y de proseguir con la defensa de los pleitos entablados contra ella, ya sean civiles, criminales o administrativos, así como a los efectos de liquidar y terminar el negocio, de cumplir con sus obligaciones y de distribuir a los accionistas los activos restantes. No podrá continuar la personalidad jurídica con el propósito de continuar los negocios para los cuales se creó dicha corporación.

> Respecto a cualquier acción, pleito o procedimiento entablado o instituido por la corporación o contra ella, antes de su extinción o dentro de los tres (3) años siguientes a su extinción o disolución, la corporación continuará como entidad corporativa después del plazo de los tres (3) años y hasta que se ejecuten totalmente cualesquiera sentencias, órdenes o decretos respecto a las acciones, pleitos o procedimientos antes expresados, sin la necesidad de ninguna disposición especial a tal efecto por parte del Tribunal de Primera Instancia (Sala Superior). 14 LPRA sec. 3708.[5]

> Sin embargo, transcurrido este término de tres (3) años sin que se haya culminado el proceso de liquidación, el art. 9.09 establece lo siguiente:

> Cuando se disolviere alguna corporación con arreglo a las disposiciones de esta Ley, el Tribunal de Primera Instancia (Sala Superior), en cualquier momento y a petición de cualquier acreedor o de cualquier accionista o director de la corporación, o a petición de cualquiera que a juicio del Tribunal muestre justa causa para ello, podrá nombrar como síndico a uno o a varios de los directores de la corporación o designar administrador judicial a una o más personas, en representación de y para beneficio de la corporación, para que tales administradores judiciales o síndicos se hagan cargo del patrimonio de la corporación y cobren los créditos y recobren los bienes de la corporación con poder de demandar y defender, a nombre de la corporación, para entablar todos los litigios que sean necesarios para los propósitos antes expuestos, y para nombrar agente o agentes bajo sus órdenes y para ejecutar todos los actos que la corporación realizaría, si existiera y que sean necesarios para la liquidación final de los asuntos corporativos pendientes. Las facultades de los administradores judiciales y los síndicos podrán prorrogarse por el tiempo que el Tribunal de Primera

---

[5] Disposición equivalente a la Sección 278 de la Ley General de Corporaciones de Delaware, 8 Del. C. Sec. 278.

Instancia (Sala Superior) estime necesario para los fines antes mencionados. *Id.* sec. 3709.[6]

En *Miramar Marine et al. v. Citi Walk*, et al., *supra*, en las págs. 696-697, el Tribunal Supremo interpretó que esta última disposición, al igual que en Delaware, estableció que vencido el término de tres (3) años el único remedio disponible para liquidar cualquier propiedad de la corporación es mediante el nombramiento de un síndico o administrador judicial. Además, citó al profesor Carlos E. Díaz Olivo, *Corporaciones: tratado sobre derecho corporativo*, Colombia, 2016, en la pág. 385, al indicar que el objetivo de esta sección es "asegurar el cobro y la buena administración de la propiedad que aún posea la corporación luego de expirado el plazo de tres años provisto en el Artículo 9.08". *Id.* en la pág. 697.

En primer lugar, el Tribunal de Primera Instancia goza de discreción para nombrar un síndico o designar algún administrador judicial en representación de la corporación. 14 LPRA sec. 3709. Este mecanismo puede presentarlo cualquier **acreedor**, **accionista**, **director** o a petición de **alguien que muestre justa causa**. (Énfasis nuestro.) *Id.* Además, puede presentarse en cualquier momento tras la disolución de una corporación. El administrador judicial o síndico tendrá las siguientes responsabilidades: (1) hacerse cargo del patrimonio de la corporación, (2) cobrar créditos, (3) recobrar bienes de la corporación con poder de **demandar** y defender a nombre de la corporación, y (4) **entablar** los litigios que sean necesarios, y (5) nombrar un agente o agentes para ejecutar actos de la corporación necesarios para su liquidación. (Énfasis nuestro.) *Id.*

Según definido por el Tribunal Supremo, en el contexto de la prórroga de un término de cumplimiento estricto, el término *justa causa* "impone una carga considerable a los abogados y a las partes que estén obligados a demostrarla". *Soto Pino v. Uno Radio Group*, 189 DPR 84, 93 (2013). Además, añadió que "la acreditación de justa causa se hace con explicaciones concretas y particulares –debidamente evidenciadas en el

---

[6] Disposición equivalente a la Sección 279 de la Ley General de Corporaciones de Delaware, 8 Del. C. Sec. 279.

escrito– que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. *Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. Id.*, que cita a *Febles v. Romar*, 159 DPR 714, 720 (2003). (Énfasis en el original.) "[N]o constituyen justa causa las 'vaguedades y excusas o los planteamientos estereotipados'". *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 172 (2016).

**III**

Mediante el recurso ante nuestra consideración, el apelante sostiene que erró el Tribunal de Primera Instancia al desestimar la demanda y no acoger su petición conforme al Artículo 9.09 de la *Ley General de Corporaciones*, *supra*. Por consiguiente, nos corresponde examinar si se cumplieron los requisitos dispuestos en ley para el nombramiento de un síndico o administrador judicial tras el transcurso del término de tres (3) años de extensión de personalidad jurídica de una corporación extinta.

Del expediente ante nuestra consideración surge que el apelante, DYL Biomedical Waste, Inc., incumplió su responsabilidad de rendir informes o el pago de derechos por lo cual le fue advertido que si no cumplía conllevaría la cancelación de la entidad.[7] Así las cosas, tras el incumplimiento, el Departamento de Estado certificó la revocación del certificado de incorporación de la apelante, a partir del 16 de octubre de 2015.[8] Posteriormente, el 11 de octubre de 2022 la corporación extinta presentó la demanda de autos, entiéndase aproximadamente siete (7) años después de su disolución.

Según previamente esbozado, tras la disolución de una corporación inicia el proceso de liquidación de esta para el cual se activa automáticamente el término de tres (3) años de extensión de su personalidad jurídica. En este caso, dicho término culminó el 16 de octubre de 2018. A partir de esta fecha, la única vía disponible para procesar la

---

[7] Apéndice del recurso de apelación, *Solicitud de desestimación*, en la pág. 98.
[8] *Id.*, en la pág. 97.

liquidación de la corporación es el mecanismo contemplado por el Artículo 9.09 de la *Ley de General de Corporaciones*, *supra*.[9]

La Ley Núm. 164–2009 establece que, en cualquier momento, a petición de cualquier acreedor, accionista, director o a petición de cualquiera que a juicio del Tribunal muestre justa causa, podrá nombrar síndico o designar administrador judicial. 14 LPRA sec. 3709.[10] Entiéndase, cuando se trate cualquiera que no sea acreedor, accionista o director, es necesario que demuestra justa causa por la cual el Tribunal debe activar el mecanismo. En este caso, no se presentó una petición formal de nombramiento de síndico o administrador judicial, sino que la solicitud la hizo el apelante ante la petición de desestimación de su demanda. Además, la súplica la hizo la corporación como entidad jurídica, a pesar de que esta carecía de autoridad para ello. Nótese que nos encontramos ante la ausencia de un reclamo por parte de cualquier acreedor, accionista o director. Por consiguiente, nos corresponde examinar si se cumplen las condiciones para que la petición la hiciera "cualquiera que muestre justa causa". 14 LPRA sec. 3709.

Sabido es que la existencia de justa causa es un elemento que ha de evaluarse caso a caso, por lo cual nos corresponde examinar las razones que a juicio del apelante ameritan la activación de la referida disposición. Surge de la *Oposición a Moción de Desestimación*, que el apelante aseveró como justa causa que su reclamo al MSJ ascendía a más

---

[9] Así lo reconoció el Tribunal Supremo de Delaware en *In re Krafft-Murphy Co., Inc.*, 82 A. 3d 696, 710 (2013), al establecer lo siguiente:

> After the expiration of § 278's three-year winding-up period, the dissolved Corporation ceased to exist as a "body corporate," and lost the power to conduct its own affairs. From that point onward, the Corporation continued "solely for the purpose of [any] action, suit or proceeding" commenced before the expiration of the three-year period. For all other purposes, including defending lawsuits brought against it after the three-year period, the Corporation ceased to exist as a "body corporate," and by statute lost its authority to manage its unfinished business. That the Corporation's Insurers are continuing to defend those lawsuits on the Corporation's behalf cannot re-infuse the Corporation with a legal existence that by statute has terminated. The only means by which the Corporation may become re-empowered to defend its interests in the litigation is through the appointment of a receiver under § 279.

[10] De igual forma opera en el derecho corporativo de Delaware, como sigue: "[O]n application of any creditor, stockholder or director of the corporation, or *any other person who shows good cause…*". 8 Del. C. sec. 279. (Énfasis nuestro.)

de un millón de dólares. Por tanto, a su haber se justifica el nombramiento de un síndico o administrador judicial meramente por la cifra reclamada. Según establecido por el Tribunal Supremo, para cumplir el estándar de *justa causa*, es necesario que la parte obligada a demostrarla tiene que hacerlo con explicaciones concretas y evitar vaguedades o planteamientos estereotipados.

En este caso, la apelante no colocó al Tribunal recurrido ni a este Tribunal de Apelaciones en posición para concluir que se justificaba el nombramiento de un síndico o administrador judicial. Para mostrar justa causa, no basta en descansar en una mera alegación sobre el daño reclamado, sino que la parte apelante debió exponer las razones que justificaban la activación de esta disposición tras el transcurso de aproximadamente siete (7) años tras la extinción de la corporación. Además, esta demanda no es susceptible a enmiendas debido a que una corporación extinta no tiene autoridad para presentar una petición al amparo del Art. 9.09 de la *Ley General de Corporaciones*, supra. Por consiguiente, el Tribunal de Primera Instancia no erró al desestimar la causa de acción de autos.

**IV**

Por los fundamentos antes expuestos, se confirma la *Sentencia* emitida el 30 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones